UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY BAUMAN, MARY JANE BAUMAN, and JENNIFER NOSALEK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MLS PROPERTY INFORMATION NETWORK, INC., REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | **ORAL ARGUMENT REQUESTED**<br><br>No: 1:20-cv-12244-PBS |

**MOTION TO DISMISS FOR
FAILURE TO PLAUSIBLY PLEAD CAUSATION**

**FILED BY HOMESERVICES OF AMERICA, INC. BHH AFFILIATES, LLC; HSF AFFILIATES, LLC; MLS PROPERTY INFORMATION NETWORK, INC.; REALOGY HOLDINGS CORP.; AND RE/MAX, LLC**

Defendants HomeServices of America, Inc.; BHH Affiliates, LLC; HSF Affiliates, LLC; MLS Property Information Network, Inc.; Realogy Holdings Corp.; and RE/MAX Holdings, Inc. ("Defendants") respectfully move the Court to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs have failed to plausibly plead causation. In support of this Motion, Defendants state as follows:

1. Plaintiffs are individual residents of Massachusetts who allege that the real-estate broker commissions they paid when selling their homes were illegally inflated in violation of federal and state antitrust laws.

2. Plaintiffs base their complaint on a rule imposed by the local multiple listing service ("PIN"), which requires that, when posting a home for sale on the PIN platform, listing brokers include an offer of some amount of compensation to any other broker who facilitates the sale by finding a buyer for the home. Notably, the rule requires only some level of compensation be offered; it does not require that such offers be "substantial" or that they be any particular amount. Thus, offers as low as $0.01 would comply with the PIN rules.

3. Plaintiffs allege that buyer brokers are less likely to show a home to their buyer client if the home is listed with a below-market compensation offer to the buyer broker and that this risk of "steering" therefore puts pressure on sellers and their listing brokers to offer the "standard" compensation amount to buyer brokers. Plaintiffs then conclude that this "standard" compensation offer is incorporated into the total commission they must pay, allegedly inflating their costs in violation of federal and state antitrust laws.

4. But Plaintiffs' theory suffers from a fatal flaw – Plaintiffs have not alleged any facts to support their assertion that, absent the PIN rule, compensation offers from listing brokers to buyer brokers would cease, a necessary predicate to their alleged causation chain given their allegation that such offers create the steering risk that allegedly drives up commissions. To the contrary, the facts pleaded in the Complaint make such an assertion implausible given that multiple listing services were created more than 100 years ago as a means for facilitating home sales by enabling brokers to offer compensation to other brokers who assist with the sale. Because the practice of offering such compensation predates the PIN rule at issue and because Plaintiffs admit that most sellers voluntarily choose to offer substantial compensation to buyer brokers under the current PIN rule, there is no reason to believe that the

practice would change if the rule were withdrawn, and the steering risk that Plaintiffs allege puts upward pressure on commissions would continue.

5. Plaintiffs' failure to plead facts to the contrary dooms their claims because, if sellers and listing brokers would continue to offer compensation to buyer brokers whether the PIN rule were in place or not, and steering risk would exist regardless, then the rule cannot possibly be the cause of their alleged damages.

6. Causation is a necessary predicate to an antitrust claim under both the Sherman Act and the Massachusetts Antitrust Act. Plaintiffs' failure to plausibly plead causation requires dismissal of the Complaint.

7. Counsel hereby certifies pursuant to Local Rule 7.1(a)(2) that counsel for the defense group conferred with Plaintiffs' counsel in connection with Defendants' motions to dismiss and was unable to resolve or narrow the issues.

WHEREFORE, for the reasons set forth in the accompanying Memorandum in Support of Motion to Dismiss Based on Failure to Plausibly Plead Causation, the Defendants respectfully ask the Court to enter an Order granting this Motion and dismissing all claims pleaded in the Complaint against Defendants pursuant to Fed. R. Civ. P. 12(b)(6).

## REQUEST FOR ORAL ARGUMENT

Pursuant to the Local Rule 7.1(d), Defendants respectfully request that the Court allow oral argument on their Motion to Dismiss.

Dated: March 1, 2021

Respectfully submitted by:

| | |
|---|---|
| Counsel for HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC | Counsel for MLS Property Information Network, Inc. |
| /s/ *Robert D. MacGill* | /s/*Jon M. Anderson* |
| Robert D. MacGill (*pro hac vice*)<br>Scott E. Murray (BBO No. 651439)<br>Matthew T. Ciulla (*pro hac vice*)<br>**MACGILL PC**<br>55 Monument Circle<br>Suite 1200C<br>Indianapolis, IN 46204<br>Tel: (317) 721-1253<br>robert.macgill@macgilllaw.com<br>scott.murray@macgilllaw.com<br>matthew.ciulla@macgilllaw.com | Jon M. Anderson (BBO No. 557962)<br>**BRENNAN, RECUPERO, CASCIONE, SCUNGIO & MCALLISTER, LLP**<br>362 Broadway<br>Providence, RI 02909<br>Tel: (401) 453-2300<br>Fax: (401) 453-2345<br>janderson@brcsm.com |

Jay N. Varon (*pro hac vice*)
Jennifer M. Keas (*pro hac vice*)
**FOLEY AND LARDNER LLP**
3000 K Street NW, Suite 600
Washington, DC 20007
Tel: (202) 672-5436
jvaron@foley.com
jkeas@foley.com

Geoffrey M. Raux (BBO No. 674788)
**FOLEY AND LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
Tel: (617) 502-3284
graux@foley.com

Counsel for RE/MAX, LLC

/s/ *Jeffrey A. LeVee*

Kate Wallace (BBO No. 665503)
**JONES DAY**
100 High Street
21st Floor
Boston, MA 02110
Tel: (617) 960-3939
kwallace@jonesday.com

Jeffrey A. LeVee (*pro hac vice*)
**JONES DAY**
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Tel: (213) 243-2572
jlevee@jonesday.com

Jeremy J. Gray (*pro hac vice*)
Eddie Hasdoo (*pro hac vice*)
**JONES DAY**
77 W. Wacker Dr., Suite 3500
Chicago, Illinois 60601
Tel: (312) 782-3939
jjgray@jonesday.com
ehasdoo@jonesday.com

Counsel for Realogy Holdings, Corp.

/s/ *Samuel R. Rowley*

Samuel R. Rowley (BBO No. 666380)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
Tel: (617) 341-7700
samuel.rowley@morganlewis.com

Stacey Anne Mahoney (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
stacey.mahoney@morganlewis.com

Kenneth M. Kliebard (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
77 West Wacker Drive, Suite 500
Chicago, Illinois 60601
Tel: (312) 324-1000
kenneth.kliebard@morganlewis.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 1, 2021, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

                                               *s/ Robert D. MacGill*