UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY BAUMAN, MARY JANE BAUMAN, and JENNIFER NOSALEK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MLS PROPERTY INFORMATION NETWORK, INC., REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | **ORAL ARGUMENT REQUESTED**<br><br>No: 1:20-cv-12244-PBS |

**MOTION TO DISMISS FOR FAILURE TO PLAUSIBLY PLEAD CONSPIRACY FILED BY HOMESERVICES DEFENDANTS**

HomeServices of America, Inc., HSF Affiliates, LLC, and BHH Affiliates, LLC (collectively, the "HomeServices Defendants") respectfully move the Court to dismiss the claims against them pursuant to Fed. Rule Civ. P. 12(b)(6) because Plaintiffs fail to allege facts plausibly demonstrating that any HomeServices Defendant consciously committed to a common scheme designed to achieve an unlawful objective.

In support of their Motion, the HomeServices Defendants state as follows:

1.  Plaintiffs are individual residents of Massachusetts who allege that the real-estate broker commissions they paid when selling their homes were illegally inflated in violation of federal and state antitrust laws.

2.  Plaintiffs base their complaint on a rule imposed by the local multiple listing service ("PIN").

3. But Plaintiffs have not plausibly alleged that any HomeServices Defendant consciously joined an agreement to unreasonably retrain trade with respect to any PIN rule. For example, Plaintiffs do not allege that any HomeServices Defendant was a member of, owner of, or participant in PIN. They do not allege facts plausibly suggesting that any HomeServices Defendant directly or indirectly controlled PIN. Nor do Plaintiffs allege facts plausibly suggesting that the HomeServices Defendants were aware of and consciously agreed to abide by the PIN rule itself.

4. Thus, Plaintiffs have not plausibly alleged that the HomeServices Defendants consciously committed to a common scheme to engage in unlawful conduct.

5. These flaws are fatal to Plaintiffs' claims under both the federal and state antitrust statutes.

6. Counsel hereby certifies pursuant to Local Rule 7.1(a)(2) that counsel for the defense group conferred with Plaintiffs' counsel in connection with Defendants' motions to dismiss and was unable to resolve or narrow the issues.

WHEREFORE, for the reasons set forth in the accompanying Memorandum in Support of Motion to Dismiss for Failure to Adequately Plead Conspiracy, the HomeServices Defendants respectfully ask the Court to enter an order granting this Motion and dismissing all claims pleaded in the Complaint against the HomeServices Defendants pursuant to Fed. R. Civ. P. 12(b)(6).

### REQUEST FOR ORAL ARGUMENT

Pursuant to the Local Rule 7.1(d), Defendants respectfully request that the Court allow oral argument on this Motion.

Dated: March 1, 2021

Respectfully submitted by:

Counsel for HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC

/s/ *Robert D. MacGill*

Robert D. MacGill (*pro hac vice*)
Scott E. Murray (BBO No. 651439)
Matthew T. Ciulla (*pro hac vice*)
**MACGILL PC**
55 Monument Circle
Suite 1200C
Indianapolis, IN 46204
Tel: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
matthew.ciulla@macgilllaw.com

Jay N. Varon (*pro hac vice*)
Jennifer M. Keas (*pro hac vice*)
**FOLEY AND LARDNER LLP**
3000 K Street NW, Suite 600
Washington, DC 20007
Tel: (202) 672-5436
jvaron@foley.com
jkeas@foley.com

Geoffrey M. Raux (BBO No. 674788)
**FOLEY AND LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
Tel: (617) 502-3284
graux@foley.com

4

## CERTIFICATE OF SERVICE

     I hereby certify that on March 1, 2021, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

                                                     *s/ Robert D. MacGill*