UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY BAUMAN, MARY JANE BAUMAN, and JENNIFER NOSALEK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MLS PROPERTY INFORMATION NETWORK, INC., REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | No: 1:20-CV-12244-PBS<br><br>*ORAL ARGUMENT REQUESTED* |

## KELLER WILLIAMS REALTY, INC.'S MOTION TO DISMISS

Defendant Keller Williams Realty, Inc. ("Keller Williams") respectfully moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiffs' Complaint.

As the accompanying memorandum of law explains further, Plaintiffs' Complaint against Keller Williams fails to satisfy the first element of a claim under Section 1 of the Sherman Act, which is that Keller Williams knowingly participated in a conspiracy. *See Advanced Tech. Corp., Inc. v. Instron, Inc.*, 925 F. Supp. 2d 170, 177–78 (D. Mass. 2013). Plaintiffs do not allege that Keller Williams played any role in the governance or leadership of MLS Property Information Network, Inc. ("MLS PIN"), the entity that promulgated rules challenged by the Plaintiffs as anticompetitive. Further, Plaintiffs allege that real estate brokers and agents join MLS PIN and follow its rules because it is a commercial necessity for them to do so, which

1

provides an independent, non-conspiratorial explanation for Plaintiffs' allegations that Keller Williams requires agents to participate in MLS PIN.

Plaintiffs' Complaint fails to allege plausibly that Keller Williams shared a "unity of purpose or a common design and understanding, or a meeting of minds in an unlawful agreement" with the other Defendants, *see Evergreen Partnering Grp., Inc. v. Pactiv Corp.*, 720 F.3d 33, 43 (1st Cir. 2013) (quoting *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771 (1984)), and their claim under Section 1 of the Sherman Act fails to meet their pleading requirements under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Because their claim under state law is based on statutes that follow interpretations of the Sherman Act, that claim also fails.

WHEREFORE, Defendant Keller Williams respectfully requests that the Court grant this motion and dismiss Plaintiffs' Complaint with prejudice.

## REQUEST FOR ORAL ARGUMENT

Keller Williams respectfully requests oral argument on this Motion to Dismiss pursuant to Local Rule 7.1(d).

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

The undersigned hereby certifies that counsel for Keller Williams, David C. Kully, conferred with counsel of record for the Plaintiffs by telephone on January 29, 2021 and by email on February 3 and February 22–23 about the substance of this Motion and attempted in good faith to resolve or narrow the issues addressed in this Motion.

Dated:  March 1, 2021                                   Respectfully submitted,

**Counsel for Keller Williams Realty, Inc.**

/s/*Robert M. Shaw*
Robert M. Shaw, BBO No. 696664
John A. Canale, BBO No. 687175
robert.shaw@hklaw.com
HOLLAND & KNIGHT LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Phone: (617) 523-2700
Fax:  (617) 523-6850

Timothy Ray, *pro hac vice*
timothy.ray@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
Phone:  (312) 928-6042
Fax:  (312) 578-6666

David C. Kully, *pro hac vice*
david.kully@hklaw.com
Anna P. Hayes, *pro hac vice*
anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20006
Phone:  (202) 469-5415
Fax:  (202) 955-5564

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of March, 2021, I electronically filed the foregoing KELLER WILLIAMS REALTY, INC.'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will provide electronic notification to all counsel of record.

/s/*John A. Canale*
John A. Canale
