UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER NOSALEK, RANDY HIRSCHORN and TRACEY HIRSCHORN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MLS PROPERTY INFORMATION NETWORK, INC., REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | No. 1:20-cv-12244-PBS<br><br>CLASS ACTION<br><br>May 19, 2023 |

## SECOND UNOPPOSED MOTION TO MODIFY SCHEDULING ORDER

Plaintiffs respectfully move the Court to extend all remaining dates in the current schedule by six months, as set forth below. Defendants have reviewed and do not oppose this motion. In support of this motion, Plaintiffs state as follows:

1.     The Parties jointly submitted a litigation schedule on February 1, 2022 [ECF No. 104], which this Court approved on February 16, 2022 [ECF No. 108]. Plaintiff thereafter submitted an Unopposed Motion to Modify Scheduling Order on August 1, 2022 [ECF No. 122], which the Court granted on August 8, 2022 [ECF No. 127].

2.     This case involves complex antitrust issues, multiple institutional Defendants and, Plaintiffs allege, potentially significant damages.

3.      Plaintiffs and Defendants have worked in good faith to find ways to streamline the discovery process in a way to substantially ease the burden and cost on all Parties.[1] However, despite the Parties' significant efforts, negotiating discovery issues in this complex matter has taken substantially longer than anticipated.

4.      The parties ultimately reached agreement as to the overarching structure of a production plan that would allow discovery to proceed efficiently. However, Plaintiffs had not yet finalized that plan with Defendants because Plaintiffs had been negotiating a separate agreement with the National Association of Realtors (NAR) to obtain additional discovery that Plaintiffs are seeking.[2]

5.      Plaintiffs have been negotiating with NAR for several months to get NAR's "buy in" and allow the overall discovery plan to proceed. After lengthy and substantial discussions, Plaintiffs and NAR on May 16, 2023, reached an agreement for NAR's participation in the discovery structure negotiated with Defendants that will allow Plaintiffs and Defendants to move forward with the comprehensive discovery plan.[3]

---

[1] At the same time, Plaintiffs have also been conducting discovery with regard to several third parties, including the Massachusetts Association of Realtors, Fannie Mae, Freddie Mac, and CoreLogic (a company that maintains data on mortgage transactions), as well as the National Association of Realtors (NAR), as discussed below.

[2] Plaintiffs allege that the anticompetitive Buyer-Broker Commission Rule at the heart of this case and the implementation of the Rule in Massachusetts are closely intertwined with the national Buyer-Broker Commission Rule implemented by NAR, and that many of the present Defendants were responsible for both the local and national rules. Based on Plaintiffs' allegations, this Court (Kelley, M.J.) previously granted (during an earlier stage of negotiations) Plaintiffs' motion to compel Defendant Realogy Holdings Corp. to include documents related to the NAR rule in its discovery responses. *See* [ECF No. 142].

[3] Although Plaintiffs and NAR have largely agreed on the scope of NAR's participation, one issue remains outstanding and will be the subject of a motion to compel that Plaintiffs anticipate filing shortly in the Northern District of Illinois. However, that issue is "severable" and will not affect Plaintiffs' and Defendants' ability to move forward with their discovery plan.

6.      Due to this ongoing process, Plaintiffs respectfully submit that the current schedule is no longer feasible. For example, under the current schedule Plaintiffs must finish serving the remaining two sets of RFPs to which they are entitled and all interrogatories by June 1, 2023. *See* [ECF Nos. 122, 127]. However, given the current discovery posture, it is highly unlikely that Defendants will have completed production from the first set of discovery by that date. Accordingly, Plaintiffs will have had no meaningful opportunity by June 1st to review all responsive documents from the first set of discovery in order to enable Plaintiffs to craft Plaintiffs' additional RFPs or interrogatories.

7.      Also under the current schedule, Defendants' productions must be completed by September 1, 2023, and all fact discovery, including depositions, must be completed by December 1, 2023. Although Plaintiffs believe all Parties understand the need to move expeditiously and continue to work together to advance this matter, Plaintiffs respectfully submit that, given the scope and complexity of the issues in this case and the current status of discovery, those deadlines have proven untenable.

8.      Accordingly, Plaintiffs respectfully move to amend the schedule to extend all dates by six months, as follows:

| EVENT | CURRENT DEADLINE | PROPOSED REVISED DEADLINE |
|---|---|---|
| Except as set forth below, requests for production and interrogatories may not be served after | June 1, 2023 | December 1, 2023 |
| Documents will be produced on a rolling basis, but must be substantially completed on or before | September 1, 2023 | March 1, 2024 |
| Except as set forth below, close of fact discovery relating to class certification | December 1, 2023 | June 3, 2024 |

| Plaintiffs file motion for class certification and class certification expert reports | February 5, 2024 | August 5, 2024 |
|---|---|---|
| Deadline for Defendants to depose Plaintiffs' class certification experts | March 8, 2024 | September 9, 2024 |
| Defendants file responses to motion for class certification and expert reports and any *Daubert* motions regarding Plaintiffs' class certification experts | May 6, 2024 | November 6, 2024 |
| Deadline for Plaintiffs to depose Defendants' class certification experts | June 10, 2024 | December 10, 2024 |
| Deadline for Parties to serve supplemental fact discovery limited to new facts first disclosed in any Party's class certification briefing or facts underlying new fact-based arguments first raised in any Party's class certification briefing | June 10, 2024 | December 10, 2024 |
| Plaintiffs file reply briefs and reply expert reports in support of class certification; oppositions to Defendants' *Daubert* motions; and any *Daubert* motions regarding Defendants' class certification experts | August 12, 2024 | February 12, 2025 |
| Defendants file sur-reply briefs in further opposition to class certification | August 22, 2024 | February 24, 2025 |
| Defendants file oppositions to Plaintiffs' *Daubert* motions and replies in support of Defendants' *Daubert* motions regarding Plaintiffs' class certification experts | September 9, 2024 | March 10, 2025 |
| Plaintiffs file replies in support of Plaintiffs' *Daubert* motions regarding Defendants' class certification experts | October 1, 2024 | April 1, 2025 |
| Close of merits fact discovery | November 1, 2024 | May 1, 2025 |

9.      Plaintiffs have conferred with Defendants and Defendants have reviewed and do not oppose this motion.

10.      The foregoing proposed schedule (like the current schedule) governs the period through the class certification hearing. If the case remains pending after the class certification motion is resolved by the Court, the Parties shall meet and confer and propose a case

management schedule for the remainder of the case, which will include deadlines for dispositive motions.

11.     If it would assist the Court, Plaintiffs respectfully propose a status conference to discuss the current and anticipated status of discovery and of the schedule generally in this matter.

WHEREFORE, Plaintiffs respectfully request that the Court extend all remaining deadlines in this litigation by six months as set forth above.


Dated: May 19, 2023                                    Respectfully submitted,


                                    */s/ Seth R. Klein*
                                    Douglas P. Needham, BBO No. 67101
                                    Robert A. Izard (*pro hac vice*)
                                    Craig A. Raabe (*pro hac vice*)
                                    Seth R. Klein (*pro hac vice*)
                                    Christopher M. Barrett (*pro hac vice*)

                                    IZARD, KINDALL & RAABE, LLP
                                    29 South Main Street, Suite 305
                                    West Hartford, CT 06107
                                    (860) 493-6292
                                    (860) 493-6290 fax

                                    dneedham@ikrlaw.com
                                    rizard@ikrlaw.com
                                    craabe@ikrlaw.com
                                    cbarrett@ikrlaw.com

                                    *Attorneys for Plaintiffs*

## Rule 7.1 Certification

Pursuant to Local Rule 7.1(a)(2), counsel for all Parties conferred regarding the above motion and all parties assent to the motion.

Dated: May 19, 2023                                     Respectfully submitted,

                                                                    */s/ Seth R. Klein*

                                                        Douglas P. Needham, BBO No. 67101
                                                        Seth R. Klein (*pro hac vice*)
                                                        Robert A. Izard (*pro hac vice*)
                                                        Craig A. Raabe (*pro hac vice*)
                                                        Christopher M. Barrett (*pro hac vice*)

                                                        IZARD, KINDALL & RAABE, LLP
                                                        29 South Main Street, Suite 305
                                                        West Hartford, CT 06107
                                                        (860) 493-6292
                                                        (860) 493-6290 fax

                                                        dneedham@ikrlaw.com
                                                        rizard@ikrlaw.com
                                                        craabe@ikrlaw.com
                                                        cbarrett@ikrlaw.com

                                                        ***Attorneys for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I, Seth R. Klein, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing on May 19, 2023.


*/s/ Seth R. Klein*
Seth R. Klein