## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER NOSALEK, RANDY HIRSCHORN, and TRACEY HIRSCHORN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>MLS PROPERTY INFORMATION NETWORK, INC., ANYWHERE REAL ESTATE INC. (F/K/A REALOGY HOLDINGS CORP.), CENTURY 21 REAL ESTATE LLC, COLDWELL BANKER REAL ESTATE LLC, SOTHEBY'S INTERNATIONAL REALTY AFFILIATES LLC, BETTER HOMES AND GARDENS REAL ESTATE LLC, ERA FRANCHISE SYSTEMS LLC, HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, POLZLER & SCHNEIDER HOLDINGS CORPORATION, INTEGRA ENTERPRISES CORPORATION, RE/MAX OF NEW ENGLAND, INC., RE/MAX INTEGRATED REGIONS, LLC, AND KELLER WILLIAMS REALTY, INC.,<br><br>        Defendants. | Case No. 1:20-cv-12244-PBS<br>Judge Patti B. Saris |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT BETWEEN PLAINTIFFS AND MLS PROPERTY INFORMATION NETWORK, INC.

THIS CAUSE came before the Court on Jennifer Nosalek, Randy Hirschorn, and Tracey Hirschorn's ("Plaintiffs") Motion for Preliminary Approval of Settlement with MLS Property Information Network, Inc. ("MLS PIN"), filed June 30, 2023.  Plaintiffs subsequently entered into an Amended Settlement Agreement with MLS PIN (the "Settlement Agreement"), which was submitted to the Court as Exhibit A to the Supplemental Declaration of Seth R. Klein filed

September 5, 2023. The Court, having reviewed the Motion, its accompanying memorandum and declarations, the Settlement Agreement, and the file, hereby:

## ORDERS AND ADJUDGES:

1.      Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

### Preliminary Approval of the Settlement Agreement

2.      The terms of the Settlement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to the Fairness Hearing described below. The Court finds that the Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order.

### Certification of the Settlement Class

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement set forth in the Settlement Agreement, the following Settlement Class:

> Sellers who paid, and/or on whose behalf sellers' brokers paid, Buyer-Broker Commissions during the Settlement Class Period in connection with the sale of Residential Real Estate listed on Pinergy.[1]

4.      The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of, any other defendant to contest certification of the proposed class in this Action. The Court's findings herein shall have no effect on the Court's ruling on any

---

[1] Specifically excluded from the Settlement Class are Defendants; Released Parties; co-conspirators; the officers, directors, or employees of any Defendant, Released Party, or co-conspirator; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf. Also excluded from the Settlement Class are any judicial officers presiding over this action and the members of his/her immediate families and judicial staff, and any juror assigned to the Action.

motion to certify any class in this Action, and no party may cite or refer to the Court's certification of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class. The findings that follow in paragraphs 5-6 are limited to this particular Order and are made only in the context of this particular settlement.

5.      The Court finds that, solely for the purpose of effectuating the Settlement, the requirements of Rule 23 are satisfied and Plaintiffs should be appointed as Class Representatives. More specifically, the Court finds as follows:

a.      Pursuant to Rule 23(a)(1), that the members of the Class are so numerous that their joinder before the Court would be impracticable;

b.      Pursuant to Rule 23(a)(2), that Plaintiffs have alleged one or more questions of fact or law common to the Class;

c.      Pursuant to Rule 23(a)(3), that Plaintiffs' claims are typical of the claims of the Class;

d.      Pursuant to Rule 23(a)(4), that Plaintiffs will fairly and adequately protect the interests of the Class; and

e.      Pursuant to Rule 23(b)(2), that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

6.      The Court directs that the Parties implement the Settlement Agreement on the following timetable:

| | |
|---|---|
| Deadline for commencement of Notice Plan (mailing of Postcard Notice, start of social media campaign, publication of first publication notice, issuance of press release, and launch of Settlement website) | _____, 2023<br><br>[40 days after entry of Preliminary Approval Order] |
| Motion(s) for, and memoranda in support of, (i) Final Approval of Settlement and (ii) Fee, Expense and Litigation Fund Application | _____, 2023<br><br>[45 days after entry of Preliminary Approval Order] |
| Last day for objections to the Settlement to be filed with the Court and sent to counsel | _____, 2023<br><br>[28 days before date set by Court for Final Approval Hearing] |
| Parties file responses to any filed objections and any other reply briefs in support of Final Approval and Fee, Expense and Litigation Fund Application | _____, 2023<br><br>[14 days before date set by Court for Final Approval Hearing] |
| Final Approval Hearing | _____, 2023<br><br>[At the convenience of the Court, but not less than 110 days after entry of Preliminary Approval Order |

7.      If the Effective Date[2] does not occur with respect to the Settlement because of the

failure of any condition that affects the Settlement, this certification of the Class shall be deemed

null and void as to the Parties to the Settlement without the need for any further action by the Court

---

[2] Pursuant to paragraph 6(a) of the Settlement Agreement: "The Effective Date shall be the date when all of the following events shall have occurred and shall be contingent on the occurrence of all of the following events: (i) Entry by the Court of the Preliminary Approval Order; (ii) Final approval by the Court of the Settlement set forth in this Agreement, following Class Notice and the Fairness Hearing; (iii) No Party having exercised his, her, or its rights to terminate this Agreement; and (iv) Entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becoming final, or, in the event that the Court enters an Alternative Judgment and neither Class Plaintiffs nor MLS PIN elects to terminate this Agreement, such Alternative Judgment becomes final.  Neither the provisions of Federal Rule 60 nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times."

or MLS PIN. In such circumstances, MLS PIN shall retain its rights to oppose certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any grounds.

8.      Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the following counsel are appointed as interim counsel for the Settlement Class: (1) Robert A. Izard and Seth R. Klein of Izard, Kindall & Raabe, LLP and (2) Christopher L. Lebsock and Jose Roman Lavergne of Hausfeld LLP.

## Notice to Class Members

9.      The Court approves Kroll Settlement Associates LLP ("Notice Administrator") to effectuate the notice plan set forth in the Settlement Agreement, in Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, and in the affidavits submitted therewith.  Any fees, costs or expenses charged by Kroll associated with the Class Notice shall be paid by MLS PIN in accord with the terms of the Settlement Agreement.

## Other Provisions

10.     All proceedings in the Action against MLS PIN are stayed (except to the extent necessary to effectuate the Settlement Agreement or to carry out any of its items) until the Court renders a final decision on approval of the Settlement set forth in the Settlement Agreement.

11.     In the event that the Settlement Agreement is terminated in accordance with its provisions, then the Parties to the Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date without prejudice to any of MLS PIN's defenses, and, except as otherwise expressly provided in the Settlement Agreement, the Parties

shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered.

12.    Plaintiffs' claims against the non-settling Defendants shall proceed and are not affected by this Order.


**IT IS SO ORDERED** on this _____ day of_____, 2023.


_____
Hon. Patti B. Saris
**UNITED STATES DISTRICT JUDGE**