**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JENNIFER NOSALEK, RANDY HIRSCHORN and TRACEY HIRSCHORN, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>MLS PROPERTY INFORMATION NETWORK, INC., ANYWHERE REAL ESTATE INC. (F/K/A REALOGY HOLDINGS CORP.), CENTURY 21 REAL ESTATE LLC, COLDWELL BANKER REAL ESTATE LLC, SOTHEBY'S INTERNATIONAL REALTY AFFILIATES LLC, BETTER HOMES AND GARDENS REAL ESTATE LLC, ERA FRANCHISE SYSTEMS LLC, HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, POLZLER & SCHNEIDER HOLDINGS CORPORATION, INTEGRA ENTERPRISES CORPORATION, RE/MAX OF NEW ENGLAND, INC., RE/MAX INTEGRATED REGIONS, LLC, AND KELLER WILLIAMS REALTY, INC.,<br><br>       Defendants. | No. 1:20-cv-12244-PBS |

**MEMORANDUM IN SUPPORT OF THE COUNCIL OF MULTIPLE LISTING SERVICES' MOTION TO SUBMIT ITS AMICUS BRIEF IN RESPONSE TO THE STATEMENT OF INTEREST OF THE UNITED STATES**

Non-party Council of Multiple Listing Services (CMLS) submits this memorandum of law in support of its motion (the "Motion"), by which it seeks to file an amicus curiae brief with supporting expert declaration in response to the Statement of Interest of the United States (Dkt. No. 290) (the "SOI").

1

As explained more fully below and in CMLS's proposed amicus submission[1], CMLS is an association of over 225 multiple listing services (MLSs) in North America, including Defendant MLS Property Information Network, Inc. (MLS PIN) of Shrewsbury, Massachusetts. Pursuant to the Second Amended Stipulation and Settlement Agreement (Dkt. 268-1) (the "Proposed Settlement"), MLS PIN would agree (if the Proposed Settlement is approved by the Court) to policy changes that would require (1) participating brokers to obtain certifications that their seller clients understand that MLS PIN does not require sellers to offer compensation to buyer brokers and that sellers are not required to compensate buyer brokers; and (2) MLS PIN to change its rule regarding cooperative compensation so that the listing broker need not offer compensation to a buyer's broker on a listing, and so that any such offer made is at the seller's discretion. *Id.* In the SOI, the United States (the "DOJ") attacks these policy changes, arguing that they would not deliver value to consumers, and proposes that the settlement should include "an injunction that *prohibits* offers of buyer-broker compensation by MLS PIN participants." SOI at 20.

The changes the DOJ urges suffer from three critical flaws, which are discussed more fully in CMLS's proposed amicus filing. First, the DOJ misconstrues the timing of policy changes by the Northwest Multiple Listing Service in Washington State, rendering the DOJ's crucial comparison to those changes incorrect. Second, the policy the DOJ proffers is itself the type of business practice that parties have previously challenged as an antitrust violation. Third,

---

[1] CMLS's amicus brief, styled as "[Proposed] Memorandum of Amicus Curiae Council of Multiple Listing Services in Response to the Statement of Interest of the United States" (the "Proposed Amicus Memorandum") is attached to the Motion as Exhibit A. The Proposed Amicus Memorandum in turn attaches the supporting expert Declaration of economists John H. Johnson, IV, and Michael Kheyfets ("Johnson/Kheyfets Declaration").

DOJ's policy preference has significant negative effects on tens of thousands of consumer transactions just in the MLS PIN service area, and on millions of transactions in the nationally critical residential real estate industry.

CMLS is in a unique position to articulate these points in response to the DOJ's SOI, and to advise the Court about the true implications of the DOJ's proposal. Accordingly, CMLS requests leave to file an amicus curiae brief before this Court to oppose the effort by the DOJ to force an amendment to the parties' Proposed Settlement.

## IDENTITY AND INTEREST OF AMICUS

CMLS is an association of over 225 MLSs that is committed to high standards of professionalism and performance.[2] CMLS's business-technology partners include the leading technology firms in the residential real estate marketplace.[3] The information in databases of CMLS's MLS members is available to over 1.7 million subscribers (brokers, salespeople, and appraisers) and the home buyers and sellers they represent. Buyers around the country (and the world) can also access MLS data through online listing services like Zillow, Redfin, and Homes.com which share MLS data with millions of American consumers.

MLSs combine information about current listings and past home sales into regional electronic databases that provide *complete*, *accurate*, and *timely* information—creating a real estate information resource of unmatched *transparency*. MLS databases are *complete* in that each

---

[2] CMLS Member Organizations as of June 1, 2023, https://cdn.ymaws.com/members.councilofmls.org/resource/resmgr/cmls_members_6.1.23.pdf [perma.cc]

[3] *Id.*

3

MLS compiles a list of practically every home for sale and previously for sale in the region;[4]

*timely* in that each MLS requires that listings be entered and updated, often within twenty-four

hours of any status change;[5] and *accurate* in that each MLS has rules imposing penalties on

participating brokers who do not put accurate information into the service, creating a powerful

incentive to share accurate information.[6] The utility of MLSs and the consumer benefits they

provide are the product of deliberate efforts and data governance rules implemented and

maintained by the MLSs. CMLS leads MLSs to adopt the highest standards of professionalism

and offers guides to best practices—including compliance with antitrust and competition laws—

for MLSs.[7]

CMLS's interest in the proposed settlement stems from the fact, as DOJ highlights, that

"several pending cases" are adjudicating MLSs' adoption of the mandatory-compensation rule of

---

[4] *Cf.* Fed. Trade Comm'n & Dept. of Justice, *Competition in the Real Estate Brokerage Industry*, at 10 (Apr. 2007), available at https://www.ftc.gov/sites/default/files/documents/reports/competition-real-estate-brokerage-industry-report-federal-trade-commission-and-u.s.department-justice/v050015.pdf [perma.cc] (noting that the databases may exclude new construction and for-sale-by-owner properties).

[5] For example, one federal court of appeals has noted that "[t]he near-perfect market information created by [the MLS] is the result of a requirement that members place all listings in the MLS within five days." *Reifert v. S. Cent. Wis. MLS Corp.*, 450 F.3d 312, 317 (7th Cir. 2006). Since this 2006 case, many MLSs have reduced that five-day period for listings to twenty-four hours or the next business day.

[6] *See, e.g.*, Fed. Trade Comm'n and Dep't of Justice Workshop, What's New in Residential Real Estate Brokerage Competition, at 15 (June 5, 2018), available at https://www.ftc.gov/system/files/documents/public_events/1361534/ftc-doj_residential_re_brokerage_competition_workshop_transcript_segment_1.pdf [perma.cc] (explaining that "when a listing enters into our system, we are, as MLSs across this country, very keenly interested in making sure that that listing adheres to a wide variety of rules, and making sure that it fits into the data models that each MLS has set up," and that the MLS "mak[es] sure that the listing has met all of its obligations to the rules and regulations that it is subject to" before entering it into the MLS).

[7] *Resources*, Council of Multiple Listing Services, https://www.councilofmls.org/resources [perma.cc/] (last visited March 20, 2024).

the National Association of REALTORS® or similar policies.[8] The SOI represents a policy statement by the Department of Justice Antitrust Division about how it would prefer every residential real estate market in the United States to function. Given that CMLS's members help those real estate markets function, CMLS is duty bound and uniquely situated to advise the court about operational implications of the Proposed Settlement in this matter and of the national policy preferences expressed by DOJ in the SOI.[9]

## ARGUMENT

The Court should grant the Motion and permit CMLS to file its proposed amicus brief and supporting materials.  A district court may, within its "sound discretion," accept such a filing by proposed amici curiae. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970*); see Students for Fair Admissions v. President & Fellows of Harvard Coll*., No. 14-cv-14176-ADB, 2018 WL 9963511, at *1 (D. Mass. Oct. 3, 2018) (noting that "a district court has inherent authority to appoint amici") (internal citations and quotations omitted). An amicus's role "is to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Students for Fair Admissions v. President & Fellows of Harvard Coll*., 308 F.R.D. 39, 52 (D. Mass. 2015). Among the factors a court should consider in deciding whether to accept an amicus brief is whether the

---

[8] *See* SOI at 18–19; Notice of Related Action, Attach. 2: Proof of Service, ECF No. 483, Mar. 5, 2024, *In re Real Estate Comm'n Antitrust Litig.*, MDL No. 3100 (Dec. 27, 2023) (naming more than twenty related actions as of the date of filing).

[9] *See Natl. Ass'n of Chain Drug Stores v. New Eng. Carpenters Health Benefits Fund*, 582 F.3d 30, 42 (1st Cir. 2009) (holding "impacted non-parties can seek to intervene or otherwise express their views in litigation that may affect their practical interests—the fairness hearing required by Rule 23(e)(2) provides just such a mechanism").

proposed amicus "has a special interest that justifies his having a say." *Strasser*, 432 F.2d at 569.

There can be little doubt that this proposed settlement presents a matter of public interest, as it has the potential to affect every purchase and sale of real estate in Massachusetts and, if the DOJ pursues its current course, throughout the country.  CMLS has the ability, the expertise, and access to the data to assist the Court in assessing the DOJ's comments.  CMLS also has a "special interest" in this matter, as a trade organization that includes hundreds of MLSs including a Defendant here.  *See, e.g., Sec. & Exch. Comm'n v. Cetera Advisors LLC*, No. 19-CV-02461-MEH, 2020 WL 13470960, at *2 (D. Colo. Aug. 25, 2020) (proposed amicus, "an organization representing thousands of financial industry companies and individuals [including two defendants], offer[ed] 'unique information [and] perspective that can help the court . . .  '"); *United States. v. Bayer Corp.*, No. 07-0001 (JLL), 2014 WL 12625934, at *1 (D.N.J. Oct. 23, 2014) ("both [amici] trade associations have a strong interest in the outcome of this case, particularly as it relates to the federal regulatory and statutory scheme governing dietary supplements.  Both trade associations have submitted thorough and informative briefs, which are of assistance to the Court, particularly in considering the implications of this dispute on the entire dietary supplement industry."); *C & A Carbone, Inc. v. Cnty. Of Rockland*, No. 08-cv-6459-ER, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014) ("[national trade association] Amici's insights into the market. . . helps ensure that there has been 'a complete and plenary presentation of difficult issues so that the court may reach a proper decision.' . . . the ultimate outcome of this litigation could prove dispositive in future disputes . . . A full airing of the issues at stake is therefore particularly desirable . . ."). Given that DOJ has submitted its amicus brief, this responsive submission by CMLS is appropriate so that the Court has a more complete picture of the evidence and relevant arguments when deciding whether to approve the parties' Proposed

Settlement.

## CONCLUSION

For all of the foregoing reasons, CMLS respectfully requests that the Court grant its motion to submit an amicus brief in this matter, and consider CMLS's amicus submission in connection with the evaluation of the parties' Proposed Settlement.

March 27, 2024                                        Respectfully submitted,


                                                     */s/ Justin J. Wolosz*
                                                     Justin J. Wolosz (BBO #643543)
                                                     Eric M. Gold (BBO #660393)
                                                     Max A. Jacobs  (BBO #707327)
                                                     **MANATT, PHELPS & PHILLIPS, LLP**
                                                     One Beacon Street
                                                     Boston, MA 02108
                                                     Telephone: 617-646-1443
                                                     jwolosz@manatt.com
                                                     egold@manatt.com
                                                     mjacobs@manatt.com

                                                     Mitchell A. Skinner
                                                     (*pro hac vice* application forthcoming)
                                                     Brian N. Larson
                                                     (*pro hac vice* application forthcoming)
                                                     **LARSON SKINNER, PLLC**
                                                     7595 Currell Blvd, #251336
                                                     St. Paul, MN  55125
                                                     Telephone:  612-424-8660
                                                     mskinner@larsonskinner.com
                                                     blarson@larsonskinner.com

                                                     *Counsel for non-party Council of Multiple*
                                                     *Listing Services*

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 27, 2024, I caused a true and correct copy of the foregoing

to be filed via the Court's ECF system, which will send notice to all counsel of record.

/s/ Justin J. Wolosz
Justin J. Wolosz

8