# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER NOSALEK, ET AL., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> vs.<br><br>MLS PROPERTY INFORMATION NETWORK, INC., ET AL.,<br><br>    Defendants. | No. 1:20-cv-12244-PBS<br><br>CLASS ACTION<br><br>LEAVE TO FILE GRANTED ON MARCH 26, 2025 |

**DEFENDANT MLS PIN'S REPLY BRIEF IN SUPPORT OF PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT**

Jon M. Anderson
BBO No. 557962
BRENNAN SCUNGIO & KRESGE LLP
362 Broadway
Providence, RI  02909
(401) 453-2300
(401) 453-2345 fax
janderson@bskllp.com

J. Matthew Goodin (*pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
111 South Wacker Drive, Suite 4100
Chicago, IL  60606
(312) 443-0472
matt.goodin@troutman.com

Chase T. Cobb (*pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
(214) 740-8000
chase.cobb@troutman.com

***Attorneys for Defendant MLS Property Information Network, Inc.***

Defendant MLS Property Information Network (MLS PIN) respectfully submits this reply brief supporting preliminary approval of the class settlement. *See* (Dkt. #190, #345, #347). This reply brief is offered to refute the points set forward in the Department of Justice (DOJ's) Supplemental Statement of Interest. *See* (Dkt. #358).

### A. DOJ's supplemental statement offers no response to the host of arguments set forth against its position.

DOJ's supplemental statement leaves much to be desired. This case has been effectively paused for over a year for no other reason than to allow DOJ to speak its piece on the fair-and-reasonable compromise achieved between Plaintiffs and MLS PIN. DOJ had its first chance to oppose the settlement in February 2024 through its original statement of interest. *See* (Dkt. #290). But as MLS PIN has now explained across two briefs spanning over forty total pages, DOJ's position is nothing more than a policy argument that is unmoored from the legal standards governing this antitrust dispute. *See* (Dkt. #333) (MLS PIN Resp.); (Dkt. #347) (MLS PIN Suppl.). To adopt DOJ's position would be problematic for a host of reasons:

- It would contradict the unanimous findings of state and federal authorities alike that the same free-market compensation offers DOJ seeks to prohibit are legal, procompetitive, and in some circumstances, required by law. *See* (MLS PIN Resp. 16–19; MLS PIN Suppl. 8–9).

- It would restrict speech that is fully protected under the First Amendment. *See* (MLS PIN Resp. 23–26; MLS PIN Suppl. 9–10).

- It would create an antitrust problem where none existed by requiring MLS PIN, as a listing service, to intercede in the free market and prohibit sellers from offering broker compensation to buyers. *See* (MLS PIN Resp. 27–28; MLS PIN Suppl. 10–11).

- It would harm homebuyers, especially first-time buyers, who depend on upfront transparency as to how brokers will be paid. *See* (MLS PIN Resp. 2–3, 19–21; MLS PIN Suppl. 9).

- It would miss that DOJ's arguments against the proposed settlement speak only to weaknesses in the underlying antitrust claim, not the settlement. *See* (MLS PIN Resp. 22–23; MLS PIN Suppl. 11–12).

- It would, in all events, be an outcome untethered to the legal-certainty standard that applies to the evaluation of antitrust class settlements. *See* (MLS PIN Resp. 1, 10–12 & n. 1; MLS PIN Suppl. 7–8).

DOJ's supplemental response addresses **none** of these points. As to how its position squares with the First Amendment, DOJ is silent. As to how its position holds up against the abundance of contrary authorities or avoids creating an antitrust problem in its own right, DOJ provides no explanation. DOJ offers instead less than four pages of substantive argument. These four pages cite no authorities except for those articulating abstract positions far removed from the facts of this case; and those pages do nothing more than regurgitate the same baseless policy arguments set forth in DOJ's original statement. It would seem that not even DOJ buys the argument it is selling the Court. Under the axiom that silence is concession, DOJ's lackluster effort should be rejected here in the face of overwhelming authority supporting the legitimacy of the settlement it attacks. *See Curry Mgmt. Corp. v. JPMorgan Chase Bank, N.A.*, 643 F. Supp. 3d 421, 426 (S.D.N.Y. 2022) ("A party may be deemed to concede an argument by failing to address it in an opposition brief."); *Fed. Nat'l Mortg. Ass'n v. River Houze, LLC*, 596 F. Supp. 3d 925, 932 (E.D. Mich. 2022) (failure to respond to an argument can be a "concession of the un-addressed argument").

**B.     The rule changes in the proposed settlement are not cosmetic; they are meaningful and fully resolve the issues presented in this case.**

In any event, what little is said in the DOJ supplement—without evidence or citation to on-point authorities—is wrong on its own terms. Namely, the changes in the proposed settlement are not "cosmetic"; quite to the contrary, the proposed changes address the same core practices targeted in the complaint and in such a way as to fully resolve the issues presented in this narrow antitrust dispute. In a nutshell, the proposed settlement uses a combination of disclosure requirements and listing rules to ensure (1) that the decision to offer compensation—or not—is left entirely to the seller, (2) that sellers are fully informed of this right to offer no compensation, and (3) that sellers need not offer any broker compensation as a condition of listing on the MLS PIN platform.

These proposed changes strike the happy medium of placing sellers fully in charge of compensation decisions without infringing on their rights to offer compensation in the free market. Under this model, compensation offers are no different from any other seller's "concession" that may be offered to entice a buyer to accept a deal—such as a concession to cover closing costs or the cost of new paint or gutters. Importantly, the proposed settlement combines with earlier voluntary rule changes to ensure that compensation offers are freely negotiated and exchanged only between buyers and sellers and not between their brokers. (MLS PIN Suppl. 4–6).

These changes are meaningful. DOJ's arguments to the contrary are without foundation in the facts or the law and betray a lack of understanding of the very settlement they are objecting to. DOJ claims that "[u]nder the proposed injunctive

— 3 —

relief, sellers must still list upfront an amount of compensation." (DOJ Suppl. 6). That is simply false. Under the new rule, sellers are free to list anything they want, including nothing at all, in the compensation-related fields on the MLS. *See* (Ex. 1, Grasso Decl. ¶ 2). DOJ goes on to say that "[e]ven if a seller could theoretically now offer 'zero cents'"—something a seller can do, so it is unclear why this is "theoretical"— "very few" will choose to do so. (DOJ Suppl. 6). This is not a point that requires speculation since MLS PIN—in a gesture of good faith and to expedite the resolution of this dispute—has *already* begun allowing sellers to offer no compensation. Since implementing that change in July 2024, approximately three quarters of sellers have elected to offer no compensation on the MLS PIN platform.[1] *See* (Ex. A, Grasso Decl. ¶¶ 3–4). DOJ is simply wrong when it suggests that some irresistible force will result in only a small number of sellers offering no compensation even when they wish to do so.

---

[1] This is not to suggest that MLS PIN's listing rules cause sellers to offer compensation or not to offer it. The better explanation is that there has never been a strong link between MLS PIN's rules and broker compensation to begin with—which is part of the reason why the antitrust conspiracy claim must fail. But no matter the reason sellers are consistently offering no compensation to buyers, the fact remains that they are consistently choosing not to do so, which undermines the basis of DOJ's objection.

— 4 —

Respectfully submitted,

*/s/ J. Matthew Goodin*

J. Matthew Goodin (*pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
111 South Wacker Drive
Suite 4100
Chicago, IL  60606
(312) 443-0472
matt.goodin@troutman.com

Jon M. Anderson
BBO No. 557962
BRENNAN SCUNGIO & KRESGE LLP
362 Broadway
Providence, RI  02909
(401) 453-2300
(401) 453-2345 fax
janderson@bskllp.com

Chase T. Cobb (*pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
(214) 740-8000
chase.cobb@troutman.com

***Attorneys for Defendant MLS Property Information Network, Inc.***

## CERTIFICATE OF SERVICE

I certify that this reply was served on all counsel of record through the Court's electronic filing system on March 26, 2025.

*/s/ J. Matthew Goodin*
J. Matthew Goodin