UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER NOSALEK, RANDY HIRSCHORN and TRACEY HIRSCHORN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>MLS PROPERTY INFORMATION NETWORK, INC., *et al*.,<br><br>Defendants. | No. 1:20-cv-12244-PBS<br><br>CLASS ACTION<br><br>May 29, 2025 |

**PLAINTIFFS' MOTION FOR AND INCORPORATED MEMORANDUM
IN SUPPORT OF PRELIMINARY APPROVAL OF
<u>FOURTH AMENDED SETTLEMENT AGREEMENT</u>**

Plaintiffs respectfully submit this Motion for and Incorporated Memorandum in Support of Preliminary Approval of the Fourth Amended Settlement Agreement ("FASA").[1] As set forth in Part I below, Plaintiffs are pleased to report that, after substantial additional negotiations with MLS PIN, the FASA now addresses and fully resolves the substantive concerns raised by the Court and the Antitrust Division of the United States Department of Justice at the April 1, 2025, preliminary approval hearing (the "April 1 Hearing") in connection with the Third Amended Settlement Agreement ("TASA"). Copies of the FASA in clean and redlined form are submitted herewith, as Exhibits A (clean version) and B (redlined version against the TASA) to the Declaration of Seth R. Klein ("Klein Decl.").

Plaintiffs now respectfully request that this Court grant preliminary approval of the

---

[1] Except as updated herein, Plaintiffs hereby incorporate all prior briefing and arguments in favor of preliminary approval of earlier iterations of the Settlement Agreement.

Settlement with the changes included in the FASA (*see* Part I below);[2] authorize the sending of Notice and the incurring of related notice and administration expenses (*see* Part II below); and enter the Proposed Schedule for the notice and final approval process (*see* Part IV below).

## I. Substantive Changes in the Fourth Amended Settlement Agreement

At the April 1 Hearing, this Court expressed its concern that the TASA allowed sellers and seller-brokers to continue to list offers of cooperative compensation on MLS PIN's Pinergy service. The FASA fully resolves that concern by now ***prohibiting*** such listing of cooperative compensation on Pinergy and barring MLS PIN from creating or developing any alternative listing service that does so. *See* Ex. B at ¶ 9(a)(ii)-(iii). Accordingly, the FASA, like the *Burnett* settlement, now bars listings of cooperative compensation on the MLS.

The Court at the April 1 Hearing also stated that it would not grant preliminary approval to any class definition in this case that included sellers of commercial properties or mobile homes. Pursuant to the Court's guidance, the FASA now removes such sellers from the relevant definitions, leaving a class consisting ***solely*** of sellers of residential real estate. *See* Ex. B at ¶ 2(z).

Accordingly, Plaintiffs respectfully submit that the FASA fully addresses the Court's substantive concerns expressed at the April 1 Hearing. Moreover, in addition to working to address the concerns expressed by the Court following that Hearing, Plaintiffs and MLS PIN also conferred with the Antitrust Division of the United States Department of Justice. After considering the proposed amendments, the Division indicated that it would no longer object to the proposed settlement on the basis of Rule 23. The parties understand that the Division intends

---

[2] A [Proposed] Order Preliminarily Approving Fourth Amended Settlement Agreement is included as Ex. 1 to the FASA.

to file a brief statement with the Court withdrawing its previous objection while otherwise retaining all rights to bring a separate enforcement action.

## II.     Notice Costs

The Court at the April 1 Hearing also inquired as to whether it would be possible to lower the projected notice and administration costs. According to MLS PIN's records, the total class size (based on the number of sales of residential real estate during the Settlement Class Period) will be approximately 650,000 to 700,000. Klein Decl. at ¶ 3. Plaintiffs retained Kroll Settlement Administration LLC ("Kroll") to handle the notice and administration process. *See* Klein Decl. at ¶ 4 and Ex. C thereto (Declaration of Christie K. Reed, Media Director of Kroll Notice Media Solutions ("Kroll Decl.")).

The size of the Class will necessarily drive the cost of notice and administration. The estimated cost of the best practicable notice and administration plan is approximately $650,000, or roughly $1 per Class Member (Klein Decl. at ¶ 5), which Plaintiffs respectfully submit is reasonable. The above estimate includes direct mailing of the notice (with a detachable claim form) to approximately 425,000 Class Members for whom MLS PIN and Kroll have been able to locate current addresses, as well as supplemental "online" notice through social media targeted ads and a nationwide press release. *See generally* Kroll Decl. at ¶¶ 8-30.[3]

Should the Court prefer, Kroll can omit the "direct mail" portion of the Notice plan and rely solely on social media and press release notice, which would save approximately $225,000. Kroll believes that this alternate notice plan, omitting direct mail notice, would still satisfy the

---

[3] Kroll can also publish the Notice in USA Today for approximately an additional $22,000. Kroll Decl. at ¶¶ 34-35; Klein Decl. at ¶ 6. Kroll does not believe such newspaper publication to be an effective form of notice in the present world, and neither Kroll nor Plaintiffs recommend incurring that expense. *Id.* However, that option is available should the Court so direct.

standard 70% "reach" goal for a notice campaign. *See* Kroll Decl. at ¶¶ 31-33. However, Kroll and Plaintiffs believe that direct mail notice is always preferable where reasonably practicable.

### III.     Monetary Relief to the Class

Finally, the Court at the April 1 Hearing requested additional information concerning the amount of monetary compensation each Class Member can be expected to receive. The total Settlement Fund is $3.95 million, which is the same as the cost would have been for MLS PIN to "buy in" to the NAR settlement in *Burnett.* Klein Decl. at ¶ 7.[4] As set forth in the proposed notice and claim documents (Exhibits A through E to the Kroll Declaration), the fund will be distributed "on a *pro rata* basis based on the sale price" of the sold property (as recorded in MLS PIN's records). Accordingly, it is impossible to know in advance how much each Class Member will receive without running a full analysis of all claims that are actually submitted. On an average basis, if all 650,000 Class Members file approved claims, each would receive approximately $6 before deduction of costs and any awarded fees and expenses. Assuming a 50% claims rate, each would receive an average of $12 before deductions; at a 20% claims rate, the average recovery before deductions would be $30.

Although Plaintiffs obviously would have preferred to recover even more monetary relief for the Class, the recovery obtained is consistent both with MLS PIN's financial position and

---

[4] In June 2023, Plaintiffs secured a $3 million Settlement Fund, based in part upon MLS PIN's ability to pay as reflected in MLS PIN's most recent financial statements. Klein Decl. at ¶ 7. When the NAR settlement was announced in March 2024, MLSs across the country, including MLS PIN, had the option of joining that nationwide agreement. MLS PIN opted not to do so. Plaintiffs accepted MLS PIN's decision and moved forward with the MLS PIN Settlement. However, Plaintiffs' counsel conducted a detailed analysis of the NAR settlement and calculated that the cost of MLS PIN's "buy-in" to that settlement, had MLS PIN opted to do so, would have been $3.95 million. *Id*. Accordingly, Plaintiffs insisted that MLS PIN increase the Settlement Fund in this case to the same $3.95 million. *Id*. After protracted negotiations and a review of MLS PIN's more recent financial position, MLS PIN agreed. *Id.*

4

with the "buy in" amount MLS PIN would have paid to be covered by the NAR settlement in *Burnett*. Moreover, MLS PIN is only one of several Defendants in this case. Class Members in this litigation will also be receiving money from the Broker Defendants in this action as part of the settlements between the Broker Defendants and Plaintiffs in the *Burnett* litigation, which also cover Class Members here following discussions between Plaintiffs in this case as the *Burnett* Plaintiffs. Klein Decl. at ¶ 8. Accordingly, assuming those *Burnett* settlements are not reversed on appeal, Class Members will be receiving additional monetary recoveries.

## IV. Proposed Schedule

After consultation with MLS PIN and Kroll, Plaintiffs respectfully propose the following schedule for future events in this litigation:

| EVENT | SCHEDULED DATE |
|---|---|
| Deadline for commencement of Notice Plan (mailing of Postcard Notice, start of social media campaign, publication of first publication notice, issuance of press release, and launch of Settlement website) | 30 days after entry of Preliminary Approval Order |
| Motion(s) for and memoranda in support of (i) Final Approval of Settlement and (ii) Fee, Expense and Litigation Fund Application | 35 days after entry of Preliminary Approval Order |
| Last day for requests for exclusion to be sent to counsel and for objections to the Settlement to be filed with the Court and sent to counsel | 28 days before date set by Court for Final Approval Hearing |
| Parties file responses to any filed objections and any other reply briefs in support of Final Approval and Fee and Expense Application | 14 days before date set by Court for Final Approval Hearing |

| | |
|---|---|
| Final Approval Hearing | At the convenience of the Court, not less than 110 days after entry of Preliminary Approval Order |

## V. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this court preliminarily approve the Settlement set forth in the FASA; enter the [Proposed] Order attached as Ex. 1 to the FASA; authorize Kroll to send Notice and incur related notice and administration expenses; and enter the Proposed Schedule set forth above for the remaining proceedings in this case.

Dated: May 29, 2025                             Respectfully submitted,

                                              BY:   */s/ Seth R. Klein* _____
                                                     Robert A. Izard (pro hac vice)
                                                       Craig A. Raabe (pro hac vice)
                                                       Seth R. Klein (pro hac vice)
                                                     Christopher M. Barrett (pro hac vice)
                                                   IZARD, KINDALL & RAABE, LLP
                                                   29 South Main Street, Suite 305
                                                   West Hartford, CT 06107
                                                   (860) 493-6292
                                                   (860) 493-6290 fax
                                                   rizard@ikrlaw.com
                                                   craabe@ikrlaw.com
                                                   sklein@ikrlaw.com
                                                   cbarrett@ikrlaw.com

                                                   Christopher L. Lebsock (pro hac vice)
                                                   HAUSFELD LLP
                                                   600 Montgomery Street
                                                   Suite 3200
                                                   San Francisco, CA 94111
                                                   (415) 633-1908
                                                   clebsock@hausfeld.com

                                                   James Gotz (MA Bar #567157)
                                                   HAUSFELD LLP
                                                   One Marina Park Drive
                                                   Suite 1410

Boston, MA 02210
(617) 207-0600
jgotz@hausfeld.com

Jose Roman Lavergne (pro hac vice)
HAUSFELD LLP
888 16th Street, N.W.
Suite 300
Washington, D.C., 20006
(202) 540-7200
jlavergne@hausfeld.com

*Attorneys for Plaintiffs*

**Rule 7.1 Certification**

Pursuant to Local Rule 7.1(a)(2), counsel for Plaintiffs and MLS PIN conferred regarding the above motion and all such parties assent to the motion.

Dated: May 29, 2025									Respectfully submitted,

										/s/ Seth R. Klein
										Seth R. Klein (*pro hac vice*)
										Robert A. Izard (*pro hac vice*)
										Craig A. Raabe (*pro hac vice*)
										Christopher M. Barrett (*pro hac vice*)

										IZARD, KINDALL & RAABE, LLP
										29 South Main Street, Suite 305
										West Hartford, CT 06107
										(860) 493-6292
										(860) 493-6290 fax

										rizard@ikrlaw.com
										craabe@ikrlaw.com
										sklein@ikrlaw.com
										cbarrett@ikrlaw.com

										***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

      I, Seth R. Klein, hereby certify that on this 29th day of May, 2025, the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access these documents though the court's CM/ECF system.

                                                          /s/ Seth R. Klein
                                                          Seth R. Klein