# Exhibit C

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER NOSALEK, RANDY HIRSCHORN, and TRACEY HIRSCHORN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MLS PROPERTY INFORMATION NETWORK, INC., ANYWHERE REAL ESTATE INC. (F/K/A REALOGY HOLDINGS CORP.), CENTURY 21 REAL ESTATE LLC, COLDWELL BANKER REAL ESTATE LLC, SOTHEBY'S INTERNATIONAL REALTY AFFILIATES LLC, BETTER HOMES AND GARDENS REAL ESTATE LLC, ERA FRANCHISE SYSTEMS LLC, HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, POLZLER & SCHNEIDER HOLDINGS CORPORATION, INTEGRA ENTERPRISES CORPORATION, RE/MAX OF NEW ENGLAND, INC., RE/MAX INTEGRATED REGIONS, LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No: 1:20-CV-12244-PBS<br><br>**DECLARATION OF CHRISTIE K. REED OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH PRELIMINARY APPROVAL OF SETTLEMENT** |

I, Christie K. Reed, declare as follows:

## INTRODUCTION

      1.    I am the Media Director of Kroll Notice Media Solutions ("Kroll Media"),[1] a business unit of Kroll Settlement Administration LLC ("Kroll"), the proposed Notice

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Settlement Agreement (as defined below).

Administrator in the above-captioned case, whose principal office is located at One World Trade Center, 285 Fulton Street, 31st Floor, New York, New York 10007. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself. The following statements are based upon my personal knowledge and information provided by other experienced Kroll employees working with me and/or under my general supervision, including information reasonably relied upon in the fields of advertising media and communications.

2.     Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, privacy, securities, labor and employment, consumer and government enforcement matters. Kroll has provided class action services in over 3,000 settlements varying in size and complexity over the past 50 years.

3.     Kroll has been designated by the Parties as the Notice Administrator to, among other tasks, develop and implement a notice plan (the "Notice Plan") in connection with the Fourth Amended Stipulation and Settlement Agreement (the "Settlement Agreement") entered into in this Action.

4.     This declaration describes my experience in designing and implementing notices and notice programs, as well as my credentials to opine on the overall adequacy of noticing efforts. It also describes the Notice Plan and addresses how this program is consistent with other court-approved, best practicable notice programs, the requirements of Fed. R. Civ. P. 23(c)(2)(B), and the Federal Judicial Center guidelines for best practicable due process notice.[2]

5.     I have nearly fifteen years of legal notice experience. I have been involved with some of the largest and most complex programs in the legal notice industry, including cases involving consumer and product liability class actions, pharmaceutical antitrust, data breaches and consumer privacy actions, and government restitution. My expertise includes media planning and research, media buying, creative design and notice drafting, and data analysis of hundreds of court-approved national, local and international notice programs.

---

[2] FED. JUD. CTR., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. The guide suggests that the minimum threshold for adequate notice is 70%. *See id.* at pp. 1, 3.

6.    The proposed Notice Plan, as more fully detailed below, includes an appropriate mix of direct mail, online display advertising, social media advertising, and press release outreach designed to reach over an estimated 70% of likely Settlement Class Members approximately 2.8 times on average. The Federal Judicial Center states that a publication notice plan that reaches[3] over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign.[4] Kroll also presents an alternative Notice Plan that focuses solely on indirect digital media to reach approximately 70% of likely Settlement Class Members, and which is less expensive than the proposed full Notice Plan that includes direct mail.

7.    To ensure that our calculations and estimates are accurately projected, the Notice Plan was calculated using objective, syndicated advertising research tools from MRI-Simmons Research ("MRI"),[5] and online measurement from Comscore.[6] These are the same tools reasonably relied upon by advertising agencies nationwide as the basis to select media for large brands.

## NOTICE PLAN SUMMARY

8.    The proposed Notice Plan is designed to inform Settlement Class Members of the proposed settlement between Plaintiffs and Settling Defendant. Pursuant to section 3(a) of the Settlement Agreement, the Settlement Class is defined as:

> Sellers who paid, and/or on whose behalf Sellers-Brokers paid, Buyer-Broker Commissions during the Settlement Class Period in connection with the sale of Real Estate listed on Pinergy.

9.    To reach Settlement Class Members, the proposed Notice Plan includes the following direct and indirect notice components:

- Class Action Fairness Act notice to applicable government officials;

---

[3] "Reach" measures the number of people who receive or are otherwise exposed to a notice plan.

[4] Barbara Rothstein and Thomas Willging, *Federal Judicial Center Managing Class Action Litigation: A Pocket Guide for Judges*, at 27 (3d ed. 2010).

[5] MRI-Simmons USA is the most comprehensive study on American Consumers and is used by the majority of media and marketing agencies in the country to perform a wide variety of analytical, planning and reporting functions. The nationally representative study provides comprehensive data on consumer attitudes, behaviors, media preferences, and more.

[6] Comscore is a global Internet information provider on which leading companies and advertising agencies rely for consumer behavior insight and Internet usage data.

DECLARATION OF CHRISTIE K. REED IN CONNECTION WITH PRELIMINARY APPROVAL

- Postcard Notice via U.S. First Class Mail to all Settlement Class Members for whom a current mailing address can be ascertained using standard address-matching databases;

- Geotargeted publication via online display banner advertising in Massachusetts, Connecticut, Florida, Maine, New Hampshire, New York, Rhode Island, and Vermont;

- Geotargeted Google keyword search advertising in Massachusetts, Connecticut, Florida, Maine, New Hampshire, New York, Rhode Island, and Vermont;

- Geotargeted publication via social media advertising through Facebook, Instagram, and YouTube in Massachusetts, Connecticut, Florida, Maine, New Hampshire, New York, Rhode Island, and Vermont;

- A nationwide press release;

- A neutral, informational settlement website; and

- A toll-free information line.

## <u>DIRECT MAIL NOTICE</u>

10.     Attached hereto as **Exhibit A** is the proposed notice for mailing (the "Postcard Notice"), which includes a detachable claim form that can be returned by mail. Kroll will mail the Postcard Notices to all Settlement Class Members who sold Real Estate on or after December 17, 2016, for whom a reasonably likely, current mailing address can be ascertained using the address information in Settling Defendant's business records, local tax records, or the additional search methods described below. In preparation for the mailing of Postcard Notices, Kroll will create a list of Settlement Class Member data based on information provided to Kroll by the Settling Defendant on October 3, 2023, November 23, 2023, and March 14, 2025. Kroll previously completed an advanced address search for 423,140 records received from Settling Defendant in order to locate potential current mailing addresses for Settlement Class Members. Kroll will perform an additional advanced address search for other potential Settlement Class Members for whom: (1) the initial advanced address search did not produce a result or (2) records without name information are contained in any additional Settlement Class Member data not previously provided to Kroll. In preparation for the Postcard Notice mailing, Kroll will send the Settlement Class Member data through the United States Postal Service's ("USPS") National Change of Address ("NCOA") database. The NCOA process will provide updated addresses for Settlement Class Members who have submitted a change of address with the USPS in the last 48 months and the

process will also standardize the addresses for mailing. Kroll will then prepare a mail file of Settlement Class Members that are to receive the Postcard Notice.

11.     Postcard Notices returned by the USPS with a forwarding address will be automatically re-mailed to the updated address provided by the USPS. Postcard Notices returned by the USPS undeliverable as addressed without a forwarding address will be sent through an advanced address search process in an effort to find a more current address for the record. If an updated address is obtained through the advanced search process, Kroll will re-mail the Postcard Notice to the updated address.

## LONG NOTICE

12.     Attached hereto as **Exhibit B** is the "long form" Notice providing detailed information about the Settlement and Settlement Class Members' rights and options that Kroll will make available on the settlement website and by request.

## METHODOLOGY USED TO DEVELOP PUBLICATION PROGRAM

13.     Kroll Media's methodology for developing the publication program is widely accepted by the advertising industry and embraced by the courts as appropriately designed to provide notice to a targeted population, here the potential Settlement Class Members.

14.     As part of this methodology, Kroll Media is guided by well-established principles of communication and uses best-in-class nationally syndicated media research data provided by MRI, Comscore, and others, to provide media consumption habits of, and audience delivery verification to, the potentially affected population.

15.     To appropriately establish a target population for a media noticing campaign, we first look to the Settlement Class definition. Kroll Media's team then matches the Settlement Class definition to nationally syndicated media research data to establish the target audience of Settlement Class Members.

16.     These data resources, including MRI and Comscore, are used by advertising agencies nationwide as the basis to select the most appropriate media to reach specific target audiences and are similarly instrumental in Kroll Media's selection of media channels and outlets for determining the estimated net audience reached through this legal notice program. Specifically,

this research identifies which media channels are favored by the target audience (*i.e.*, likely Settlement Class Members). For instance, the research can provide internet browsing behaviors, social media channels, and magazines that are favored by likely Settlement Class Members.

17.    This media research technology allows us to accurately report to the Court the percentage of the target audience estimated to be reached by the notice component and how many times the target audience will have the opportunity to see the message. In advertising, this is commonly referred to as a "Reach and Frequency" analysis, where "Reach" refers to the estimated percentage of the unduplicated audience exposed to the campaign, and "Frequency" refers to how many times, on average, the target audience had the opportunity to see the message. The calculations are used by advertising and communications firms worldwide and have become a critical element to help provide the basis for determining adequacy of notice in class actions and class action settlements.

## TARGET AUDIENCE AND KEY INSIGHTS

18.    As described in the Settlement Agreement, the Settlement Class includes Sellers who paid, and/or on whose behalf sellers' brokers paid, Buyer/Broker Commissions during the Settlement Class Period in connection with the sale of Real Estate listed on Pinergy. Additionally, based on data provided by MLS PIN, approximately 98% of properties listed on MLS PIN are located in Massachusetts.

19.    According to MRI,[7] more than 93% of Massachusetts homeowners are over the age of 25 years. Of this target demographic, 99% have been online in the last 30 days and over 85% have used social media. These facts make notice through digital channels particularly appropriate.

## ONLINE DISPLAY

20.    Kroll Media will apply a programmatic approach to display advertising placements. Digital banner ads will be purchased "programmatically," using a computer algorithm[8] to show a

---

[7] MRI-Simmons Fall 2024 Doublebase.

[8] In practice, when a user visits a website, an IP connection between the user's device and the publisher's webserver is established. The website then flags available ad tags so that the ad server can analyze data about the user, such as demographic attributes or location. This information is shared with advertising exchanges (*i.e.*, digital advertising marketplaces for ad space) where ad buyers can bid on the ad unit relevant to the campaign. If the ad unit is user-

specific ad to a specific visitor in a specific context. These ads are device agnostic, such that they will appear across desktop, laptop, tablet, or mobile device.

21.    Online display ads will specifically target adults 25 years of age and older in Massachusetts, Connecticut, Florida, Maine, New Hampshire, New York, Rhode Island, and Vermont.

22.    The content of the digital banner ads will include relevant information for users to self-identify whether they are part of the Settlement Class. When an ad is clicked, an embedded link will direct the user to the settlement website where they can learn more about the settlement and potentially file a claim form online.

23.    Online ads will include the most popular and widely accepted formats[9] such as 160x600 (wide skyscraper), 300x250 (rectangle), 300x600 (large skyscraper), 728x90 (leader board), 300x50 (mobile banner), 320x50 (mobile leader board), and 336x280 (large rectangle).[10]

## GOOGLE SEARCH ADS

24.    Keyword search advertising will be used to display advertisements to users in their Google Search results for users in Massachusetts, Connecticut, Florida, Maine, New Hampshire, New York, Rhode Island, and Vermont. This will help drive Settlement Class Members who are actively searching for information about the settlement to the settlement website (as discussed below). When a user conducts a search for settlement-related content, such as "Pinergy broker commission class action" or "Massachusetts Pinergy broker commission lawsuit," among other similar terms, a sponsored ad link may appear, which will provide brief information about the settlement and direct them to the settlement website.

---

relevant, *i.e.,* it targets a likely class member based on matching user attributes, a bid is offered. Upon winning the bid for the ad unit, the ad is downloaded on a webpage for a user to see and this counts as an impression.

[9] Digital ad unit dimensions are measured in pixels by height and width.

[10] Creating multiple ad sizes increases a notice plan's probability of getting the message in front of the right target audience at the right time. If a web page serves only 300x250 and 728x90, and the campaign only created a 320x50, a notice plan ad will not have the opportunity to serve an ad on that website.

DECLARATION OF CHRISTIE K. REED IN CONNECTION WITH PRELIMINARY APPROVAL

## SOCIAL MEDIA ADS

25.    Social media ads on Facebook and Instagram will appear natively to users in-platform via placements such as Feed, Stories, Reels, and more.[11] These ads will primarily geotarget adults 25 years of age and older in Massachusetts, Connecticut, Florida, Maine, New Hampshire, New York, Rhode Island, and Vermont. On YouTube, banner ads will geotarget Massachusetts, Connecticut, Florida, Maine, New Hampshire, New York, Rhode Island, and Vermont adults 25 years of age and older.

26.    Social media advertising will include relevant information for the user to self-identify. If the user clicks on the social media ad, an embedded link takes them to the settlement website, where they can learn more about the settlement.

27.    In total, more than 12.2 million online display and social media impressions are planned to be served in Massachusetts, Connecticut, Florida, Maine, New Hampshire, New York, Rhode Island, and Vermont.

28.    Attached hereto as **Exhibit C** are the display and social media ads.

## PRESS RELEASE

29.    A press release, which will provide summary information concerning the settlement, will be issued through PR Newswire's US1 National Newsline. Kroll Media intends to monitor the media for news mentions resulting from the press release and will provide a final report to the Court on the results at the conclusion of the Notice Plan.

30.    Attached hereto as **Exhibit D** is the proposed press release.

## ALTERNATIVE INDIRECT NOTICE PROGRAM

31.    In the alternative, the notice program may include only indirect notice to reach likely Settlement Class Members:

- Class Action Fairness Act notice to applicable government officials;

- Geotargeted publication via online display banner advertising in Massachusetts, Connecticut, Florida, Maine, New Hampshire, New York, Rhode Island, and Vermont;

---

[11] Feeds are where Facebook and Instagram users look for information about friends, family, news and brand information. Along with Feeds, Stories and Reels comprise Facebook and Instagram's main content formats.

- Geotargeted Google keyword search advertising in Massachusetts, Connecticut, Florida, Maine, New Hampshire, New York, Rhode Island, and Vermont;

- Geotargeted publication via social media advertising through Facebook, Instagram, and YouTube in Massachusetts, Connecticut, Florida, Maine, New Hampshire, New York, Rhode Island, and Vermont;

- A nationwide press release;

- A neutral, informational settlement website; and

- A toll-free information line.

32.     This alternative indirect notice program utilizes the same multi-faceted digital media strategies as previously described.

33.     This alternative indirect notice plan has been calculated to reach approximately 70% of likely Settlement Class Members via the digital media notice alone, at a substantially lower cost than the proposed full Notice Plan that includes direct mail as discussed above. Though not measurable, the reach of the digital media notice may be further supplemented by the nationwide press release.

## OPTIONAL NEWSPAPER PUBLICATION

34.     If desired, for an additional cost, notice may be published in the national edition of *USA Today* as an approximate sixth-page ad unit. This publication may serve to further supplement the reach of the selected notice efforts.

35.     *USA Today* offers an average weekday circulation of 139,216.

## SETTLEMENT WEBSITE

36.     The settlement website will, among other things, contain a summary of the settlement, provide contact information for the Notice Administrator, provide notice of important dates, and contain relevant documents, including the Settlement Agreement, Class Notice, Preliminary Approval Order, claim form, and any other materials agreed upon by the Parties and/or required by the Court. The settlement website will also allow Settlement Class Members to file a claim form online.

## FILING CLAIMS

37.     If the proposed full Notice Plan with direct mail notice is used, Settlement Class Members will be able to file claims by returning a detachable postcard included with the Postcard

Notice. Settlement Class Members can also obtain a claim form (attached hereto as **Exhibit E)** by downloading one from the settlement website or contacting the Notice Administrator to request a paper claim form be mailed to them. Settlement Class Members can also file a claim form through the settlement website, as noted above.

## TOLL-FREE NUMBER

38.     Kroll will establish a toll-free number for the settlement. The toll-free number will allow Settlement Class Members to call and obtain information about the settlement through an Interactive Voice Response System and/or to speak with a live operator.

## CLASS COUNSEL

39.     Kroll will make available to Settlement Class Members contact information for Class Counsel on the website and through phone support, so that, in addition to requesting information from Kroll, Settlement Class Members may inquire directly of Class Counsel concerning any questions they have.

## CONCLUSION

40.     The proposed full Notice Plan, which includes a combination of direct mail, online display advertising, and social media advertising, reflects a highly contemporary way to provide notice to Settlement Class Members and is estimated to reach over 70% of the targeted audience, *i.e.*, likely Settlement Class Members, approximately 2.8 times on average. The alternative notice program consists of indirect notice only and offers efficient yet broad reach, also achieving approximately 70% reach among likely Settlement Class members, approximately 2.8 times on average; this reach may be further supplemented by the nationwide press release and, if selected, publication in *USA Today*.

41.     In my opinion, the efforts undertaken in this Notice Plan are reasonably calculated to provide notice and are consistent with court-approved notice programs in similar matters and the Federal Judicial Center's guidelines concerning appropriate reach.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on May 28, 2025, in Lakewood, California.

_____
Christie K. Reed

Exhibit A

*Nosalek, et al. v. MLS, et al.*
c/o Kroll Settlement Administration LLC
P.O. Box 5324
New York, NY 10150-5324

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**Electronic Service Requested**

<<Barcode>>

**Class Member ID: <<Refnum>>**

**Postal Service: Please do not mark barcode**

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>
<<Country>>

---

**A proposed Settlement with one of the Defendants has been reached in a class action lawsuit known as *Nosalek, et al. v. MLS Property Information Network, Inc., et al.*, Case No. 1:20-cv-12244-PBS ("Action"), filed in the United States District Court for the District of Massachusetts.**

*This is <u>not</u> a solicitation from a lawyer, junk mail, or an advertisement.*

*A federal Court authorized this Class Notice.*

**What is this Action about?** Plaintiffs claim that MLS Property Information Network, Inc. ("MLS PIN") and several other Defendant entities conspired to artificially inflate the commission paid by residential real estate sellers to Buyer-Brokers in violation of Section 1 of the Sherman Act, 15 U.S.C. Section 1, by implementing requirements in MLS PIN's listing rules that a seller of residential real estate offer a commission to the broker for the buyer. MLS PIN disagrees with Plaintiffs' claims and denies any wrongdoing. This proposed Settlement resolves Plaintiffs' claims against MLS PIN only. The Settlement does not resolve Plaintiffs' claims against any of the other Defendants, although those claims may be resolved by separate settlements.

**Who is a Settlement Class Member?** You are a Settlement Class Member if, on or after December 17, 2016 (but no later than the date of the Final Judgment and Order of Dismissal), you listed (or list) residential Real Estate on MLS PIN's Pinergy service through a Seller-Broker, and you or the Seller-Broker paid (or pay) a Buyer-Broker Commission in connection with the sale of that Real Estate. Capitalized terms are defined in the Settlement Agreement, available on the website at **www.MLSPINSettlement.com**.

**What are the Settlement benefits?** Under the terms of the Settlement, MLS PIN has agreed to adopt specific new language in its rules that eliminates the anticompetitive restraints alleged in the complaint. Accordingly, if the Settlement is approved, Sellers of Real Estate in MLS PIN's service area will no longer be subject to the restrictions underlying Plaintiffs' claims. In addition, MLS PIN has agreed to pay $3.95 million into a Settlement Fund, which will be distributed to qualifying Settlement Class Members who submit an approved claim form on a *pro rata* basis based on the sale price of the Settlement Class Member's real estate as reflected in MLS PIN's records, after any awarded attorneys' fees, expenses, costs of settlement administration and notice, and service awards have been deducted. Plaintiffs' Counsel intend to seek up to one-third (33.3%) of the Settlement Fund as attorneys' fees, up to $200,000 as reimbursement for expenses already incurred, and up to $5,000 to compensate each of the three lead plaintiffs as lead plaintiff awards.

**What are your rights?** If the Settlement is approved, it will go into effect automatically. If you want to receive funds from the Settlement Fund, you must file a claim form. Detailed instructions on how to do so are on the Settlement website at **www.MLSPINSettlement.com**. If you want to object to the Settlement (that is, tell the Court why you think the Settlement should not be approved) or to Plaintiffs' Counsel's Fee and Expense Application, or to lead plaintiff awards, you may do so by filing an objection by **[XXXX]**. Detailed instructions on how to object are also on the Settlement website. The Court will hold the Fairness Hearing at **[XXXX]** on **[XXXX]** to consider whether the proposed settlement is fair, reasonable, and adequate and should be approved, and to consider Plaintiffs' Counsel Fee and Expense Application and request for lead plaintiff awards. You or your own lawyer, if you have one, may ask to appear and speak at the Fairness Hearing at your own cost, but you do not have to.

**Where can I get additional information?** This is only a summary of the Settlement. You may visit **www.MLSPINSettlement.com** or call **(833) 933-6273** for additional important information, including more detailed Class Notice, a copy of the Settlement Agreement and the proposed rule language changes, Plaintiffs' memorandum of law in support of preliminary approval of the Settlement, other court filings (which will be updated with new documents, including Plaintiffs' motion for final approval of the Settlement and for fees and expenses, once they are filed), and instructions on how to object.

Dates printed on this notice are subject to change. For a list of current dates, including the objection deadline and the date of the Fairness Hearing, please refer to the Settlement website **www.MLSPINSettlement.com**.

**Questions? Visit www.MLSPINSettlement.com or call toll-free (833) 933-6273.**

Postage
Required

---

---

*Nosalek v. MLS PIN Settlement*
c/o Kroll Settlement Administration LLC
P.O. Box 5324
New York, NY 10150-5324

**CLAIM FORM**

**Claims must be postmarked no later than [DATE]. You may also submit a claim form online no later than [DATE]. If you wish to receive an electronic payment from this settlement, you MUST submit the claim form electronically at www.MLSPINSettlement.com.**

**Class Member ID**: <<refnum>>

<<firstname>> <<lastname>>
<<address1>> <<address2>>
<<City>>, <<State>> <<Zip>>

| If different than the address provided on the left, please print your updated address information: |
| --- |
| _____ |
| Address |
| _____  ___ ___   __ __ __ __ __ |
| City                                              State           Zip Code |

**Email Address:** _____

☐ **Proof of Settlement Class Membership:** Check this box to certify that, on or after December 17, 2016 (but no later than the date of the Final Judgment and Order of Dismissal), you listed Real Estate (any real or personal property) on MLS PIN's Pinergy service through a Seller-Broker, and you or your Seller-Broker paid a commission to a Buyer-Broker in connection with the sale of that Real Estate.

**Property Address:** To receive a Settlement payment, please provide the address of the property you sold below:

Property Address Line 1 _____  City _____

Property Address Line 2 _____  State ___ ___  Zip Code ___ ___ ___ ___ ___

Approximate Date of Sale ___ ___ / ___ ___ / ___ ___ ___ ___

**By signing my name below, I swear and affirm that the information included on this claim form is true and accurate, and that I am completing this claim form to the best of my personal knowledge.**

**Signature:** _____    **Date:** _____ / _____ / _____

# Exhibit B

**REAL ESTATE BROKER COMMISSIONS**
**ANTITRUST SETTLEMENT**

**NOTICE OF PROPOSED SETTLEMENT WITH MLS PROPERTY INFORMATION**
**NETWORK, INC. FOR $3.95 MILLION AND IMPORTANT PRACTICE CHANGES**

*Nosalek, et al., v. MLS Property Information Networks, Inc. et al.*
(Case No. 1:20-cv-12244-PBS)

**If you sold real estate that was listed on the multiple listing service Pinergy and paid a**
**commission to a real estate agent, then you may be part of a class action settlement.**

**Please read this Notice carefully because it may affect your legal rights.**

*The U.S. District Court for the District of Massachusetts has ordered this Notice. It is not from a*
*lawyer, and you are not being sued.*

## SUMMARY

- This Settlement resolves claims against MLS Property Information Network, Inc. ("MLS PIN") in Case No. 1:20-cv-12244-PBS (D. Mass.) alleging the existence of an anticompetitive agreement that resulted in residential real estate sellers paying inflated commissions to residential real estate brokers or agents in violation of antitrust law. In addition to releasing the claims in this lawsuit, this Settlement releases all Released Claims that any Settlement Class Member has against MLS PIN, as described in Section 8 of the Settlement Agreement (which may be viewed at the settlement website at **www.MLSPINSettlement.com**), regardless of whether that Settlement Class Member also was a residential real estate buyer during the Settlement Class Period.

- The monetary relief under the settlement with MLS PIN is $3.95 million. The settlement also provides for non-monetary relief in the form of business practice changes.

- To be eligible to receive the benefits of the Settlement, you must have: (1) sold residential real estate during the Settlement Class Period (December 17, 2016, through and including the date of the Final Judgment and Order of Dismissal); (2) listed the residential real estate that was sold on MLS PIN's multiple listing service, Pinergy; and (3) paid a commission to any real estate brokerage in connection with the sale of the real estate.

- The actions you may take are listed below. Your legal rights are affected whether or not you act. ***Please read this Notice carefully.***

- **SUMMARY OF YOUR OPTIONS:**
  - Submit a claim form by <mark>[add date]</mark>. The only way to get a payment.
  - Ask to be excluded by <mark>[add date]</mark>. If you do not want to be included in this Settlement with MLS PIN, you must exclude yourself.

**Questions? Call (833) 933-6273 or visit *www.MLSPINSettlement.com* to learn more.**

- o  Object by [add date]. You may write to the Court about why you don't like the proposed Settlement. You cannot object if you opt out.
- o  Go to a Hearing on [add date]. You may ask to speak in Court about the fairness of the proposed settlement with MLS PIN.
- o  If you do nothing and the Court approves the proposed Settlement, you will get no payment. You will not be able to sue MLS PIN for these same issues again.

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made if the Court approves the Settlement and after appeals are resolved. Please be patient.

<u>**BASIC INFORMATION**</u>

**1.      Why did I get this notice?**

This Notice has been posted for the benefit of potential Settlement Class Members. If you are uncertain about whether you are a member of the Settlement Class, you may contact the Notice Administrator at **(833) 933-6273**.

This Notice has been posted because Settlement Class Members have a right to know about the proposed settlement of class action lawsuits in which they are class members, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections or appeals, if any, relating to the Settlement are resolved, the benefits provided by the Settlement will be available to members of the Class.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. A full copy of the Settlement Agreement may be viewed at the settlement website: **www.MLSPINSettlement.com**. This Notice contains only a summary of the Settlement.

The Court in charge of the Settlement is the U.S. District Court for the District of Massachusetts. The case before this Court is known as *Nosalek, et al. v. MLS Property Information Network, Inc.*, Case No. 1:20-cv-12244-PBS ("*Nosalek*"). The people who filed this lawsuit are called the Plaintiffs. The people being sued are called the Defendants. Defendants in the *Nosalek* action include MLS PIN and the following large real estate brokerage firms: Anywhere, RE/MAX, Keller Williams, and Berkshire Hathaway HomeServices ("Broker Defendants"). Of these Defendants, this Settlement concerns only MLS PIN. Notice of settlements with Broker Defendants is available on the following settlement website: **https://www.realestatecommissionlitigation.com**.

You may have received notice of a settlement that resolves claims against the National Association of Realtors ("NAR") in *Burnett et al. v. National Association of Realtors, et al.*, Case No. 19-CV-00332-SRB (W.D. Mo.) ("*Burnett*") and in other lawsuits involving alleged anticompetitive conduct. Notice of the NAR settlement is available on the following website: https://www.realestatecommissionlitigation.com/nar. The MLS PIN Settlement resolves all claims against MLS PIN involving alleged anticompetitive conduct.

*Questions? Call (833) 933-6273 or visit <u>www.MLSPINSettlement.com</u> to learn more.*

2

## 2.    What is the lawsuit about?

The lawsuit claims that Defendants, including MLS PIN, created and implemented rules that require real estate sellers listing properties on MLS PIN's multiple listing service, Pinergy, to pay commissions to the broker or agent representing the buyer, and that this requirement caused real estate sellers to pay total commissions at inflated rates. Plaintiffs also allege that Defendants enforced these rules through anticompetitive and unlawful practices.

The lawsuit claims that these rules are anticompetitive, and that they violate antitrust laws. You can read Plaintiffs' complaint at **www.MLSPINSettlement.com**. Specifically, the lawsuit alleges violation of Section 1 of the Sherman Act (a federal antitrust statute found at 15 U.S.C. § 1 *et seq.*) during the Settlement Class Period.

## 3.    Has the Court decided who is right?

Although the Court has authorized notice to be given of the proposed Settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side of the lawsuit.

MLS PIN disputes Plaintiffs' allegations and denies all liability to Plaintiffs and the Class in this lawsuit. You can read the Answer filed by MLS PIN in the lawsuit here: **www.MLSPINSettlement.com**.

The parties entered into a settlement on May 24, 2024, and the Court granted preliminary approval on [add month and day], 2025.

## 4.    Why is the case a class action?

In a class action, one or more people called Class Representatives sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The consumers who sued Defendants—and all the Class Members like them—are called Plaintiffs. The companies they sued are called the Defendants. One court resolves the issues for everyone in the Class—except for those who choose to exclude themselves from the Class.

Here, the Court decided that a class can be certified for settlement purposes because it preliminarily meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that: (1) there are numerous people who fit the class definition; (2) there are legal questions and facts that are common to each of them; (3) the Plaintiffs' claims are typical of the claims of the rest of the Class; (4) Plaintiffs, and the lawyers representing the Class, will fairly and adequately represent the Class Members' interests; (5) the common legal questions and facts are more important than questions that affect only individuals; and (6) class treatment will be more efficient than having individual lawsuits.

## 5.    Why is there a settlement?

Counsel for the Settlement Class investigated the facts and applicable law regarding Plaintiffs' claims; MLS PIN's defenses; MLS PIN's ability to pay; and the terms of the related NAR settlement discussed in paragraph 1 above. The parties engaged in lengthy arms-length negotiations to reach the Settlement. Plaintiffs and Counsel for the Settlement Class believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interest of the Class.

*Questions? Call (833) 933-6273 or visit www.MLSPINSettlement.com to learn more.*

Both sides agree that by settling, MLS PIN is not admitting any liability or that it did anything wrong. Both sides want to avoid the uncertainties and expense of further litigation.

## WHO IS IN THE SETTLEMENT?

**6.    How do I know if I am part of the Settlement?**

You are a part of the Settlement Class if you: (1) sold residential real estate during the Settlement Class Period (as defined above); (2) listed the real estate that was sold on MLS PIN's Pinergy multiple listing platform; and (3) paid a commission to a real estate brokerage in connection with the sale of the real estate. You are part of the Settlement Class if you meet all three of these conditions, regardless of whether you also were a buyer within the Settlement Class Period.

If you are uncertain as to whether you are a member of the Settlement Class, you may contact the Notice Administrator at **(833) 933-6273** to find out.

## THE SETTLEMENT BENEFITS

**7.    What does the Settlement Provide?**

If you are a member of the Settlement Class, you are eligible to receive a benefit under the Settlement.

MLS PIN has agreed to pay $3,950,000 into a settlement fund. The fund will be distributed to qualifying Settlement Class Members who submit an approved claim form on a *pro rata* basis based on the sale price of the Settlement Class Member's real estate as reflected in MLS PIN's records, after any awarded attorneys' fees, expenses, costs of settlement administration and notice, and service awards have been deducted.

MLS PIN has also agreed to provide Cooperation and to implement important Practice Changes, including the following:

i.     Eliminate any requirement that Seller-Brokers or Sellers must make offers of Buyer-Broker Commission, and eliminate any requirement that such offers, if made, must be blanket, unconditional, or unilateral;

ii.    Prohibit all MLS PIN participants and subscribers from (a) making offers of Buyer-Broker Commission in a Listing; or (b) disclosing, in a Listing, broker compensation or total brokerage compensation (i.e., the combined compensation to both listing brokers and cooperating brokers);

iii.   Eliminate all Buyer-Broker Commission-specific fields in Pinergy and prohibit the making of offers of Buyer-Broker Commission via any other field(s) in Pinergy;

iv.    Permit a Listing only if the Seller-Broker certifies through an appropriate check-box to MLS PIN that the Seller-Broker, before entering into an agreement with the Seller with respect to that Listing, notified the Seller that (i) MLS PIN does not require the Seller to offer compensation to Buyer-Brokers or other buyer representatives (either directly or through buyers), either on or off of Pinergy; and (ii) while a Buyer-Broker may request compensation from the Seller in lieu of Buyer-Broker receiving any compensation from the prospective purchaser for the Buyer-Broker's services on that Listing, MLS PIN does not require the Seller to accede to such a request; and

*Questions? Call (833) 933-6273 or visit www.MLSPINSettlement.com to learn more.*

4

v.    Eliminate any forms, advertising, and educational or instructional materials created and disseminated by MLS PIN that are inconsistent with any provision of sections (i)-(iv) above.

In addition, MLS PIN has agreed to not itself create or develop any listing service that is inconsistent with any provision of sections (i)-(v) above, or affirmatively support, through the provision of listing data or otherwise, the creation or maintenance of any third-party service that is inconsistent with those provisions. You can learn more about the Practice Changes and Cooperation in the MLS PIN Settlement Agreement at **www.MLSPINSettlement.com**.

## **HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

### **8.    How can I get a benefit?**

***Note: If you have submitted a claim form in the Burnett or any other similar litigation (including but not limited to those listed in paragraph 21 below) for a prior settlement with NAR or any other Defendant(s) other than MLS PIN, you <u>do</u> need to submit another claim for this Settlement.***

To receive a benefit, a Settlement Class Member must submit a claim form with information pertaining to and/or evidence of your real estate sale to the Notice Administrator. The Notice Administrator will be responsible for reviewing all claim forms and determining whether a claim is an approved claim. The Notice Administrator will reject any claim that is not: (a) submitted timely and in accordance with the directions on the claim form, the provisions of this Settlement Agreement, and the Preliminary Approval Order; (b) fully and truthfully completed by a Settlement Class Member or their representative with all of the information requested in the claim form; and (c) signed by the Settlement Class Member. Claims that cannot be confirmed by the Notice Administrator may be subject to challenge, nonpayment, or a reduced share of the available funds.

You can submit a claim form by returning the Claim Form portion of the postcard Notice that was mailed to you, or by clicking **this link**, or by visiting the Settlement website at **www.MLSPINSettlement.com** and either filing electronically or printing the claim form from this website and returning it to the Notice Administrator via mail on or before [DATE].

*Nosalek et al. v. MLS PIN Settlement*
c/o Kroll Settlement Administration LLC
P.O. Box 5324
New York, NY 10150-5324

### **9.    When would I get my benefit?**

The Court will hold a final Fairness Hearing at **[time] on [date]**, in the U.S. District Court for the District of Massachusetts, 1 Courthouse Way, Courtroom 19, 7th Floor, Boston, Massachusetts 02210, to decide whether to finally approve the Settlement. If the Settlement is approved, there may be appeals. Payments to members of the Settlement Class will be made only if the Settlement

*Questions? Call (833) 933-6273 or visit www.MLSPINSettlement.com to learn more.*

5

is approved and after any claims period and appeals are resolved. This may take some time, so please be patient.

## 10.     What am I giving up to get a benefit?

Upon the Court's approval of the proposed Settlement, all members of the Settlement Class who do not exclude themselves (as well as their representatives) will release:

(i) MLS PIN; (ii) MLS PIN's past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, shareholders (except those who are Defendants in the Action); (iii) MLS PIN's participants and subscribers, and each of their respective officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns. Released Parties do not include the other Defendants in the Action. More information is available in the Settlement Agreement available at **www.MLSPINSettlement.com**.

All members of the Settlement Class who do not exclude themselves will release claims whether known or unknown that they ever had, now have, or hereafter may have and that have accrued as of the date of preliminary approval of the Settlement arising from or related to the Released Claims. "Released Claims" means "[a]ny and all manner of claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, damages, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, arising from or relating in any way to any conduct alleged or that could have been alleged in and that arise from the factual predicate of the Action, including but not limited to commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any Real Estate."

This release may affect your rights, and may carry obligations, in the future. To view terms of the release, review the Settlement Agreement, which is available at **www.MLSPINSettlement.com**.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement, and you want to keep the right to sue or continue to sue MLS PIN on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

## 11.     How do I ask to be excluded?

To ask to be excluded, you must execute and send a Request for Exclusion to the Notice Administrator postmarked on or before **[DATE]**. A Request for Exclusion must be personally signed by each potential Settlement Class Member requesting exclusion. Additionally, a Request for Exclusion must include the potential Settlement Class Member's present name and address, a clear and unequivocal statement that the potential Settlement Class Member wishes to be excluded from the Settlement Class as to MLS PIN, and the signature of the putative Settlement Class

*Questions? Call (833) 933-6273 or visit www.MLSPINSettlement.com to learn more.*

Member or, in the case of a potential Settlement Class Member who is deceased or incapacitated only, the signature of the legally authorized representative of the putative Settlement Class Member.

*Note: If you did not exclude yourself from previous settlements in Burnett or other similar litigations, including but not limited to those listed in paragraph 21 below, you may still exclude yourself from this Settlement.*

If the request is not postmarked on or before **[DATE]**, your exclusion will be invalid, and you will be bound by the terms of the Settlement approved by the Court, including without limitation, the judgment ultimately rendered in the case, and you will be barred from bringing any claims against MLS PIN as outlined in paragraph 10 above which arise out of or relate in any way to the claims in the case as specified in the release referenced in paragraph 10 above.

You must mail your Exclusion Request to:

*Nosalek et al. v. MLS PIN Settlement*
c/o Kroll Settlement Administration LLC
P.O. Box 5324
New York, NY 10150-5324

## 12.     If I don't exclude myself, can I sue MLS PIN for the same thing later?

No. Unless you exclude yourself, you give up any right to sue MLS PIN for the claims that the Settlement resolves. If you have a pending lawsuit against MLS PIN, speak to your lawyer in that case immediately. You may have to exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is **[DATE]**.

## 13.     If I exclude myself, can I get benefits from the Settlement?

No. If you exclude yourself as to the MLS PIN Settlement, do not send in a claim form to ask for any money. If you exclude yourself only as to MLS PIN, you may still ask for money from the settlements with other Defendants in accord with the provisions of those separate litigations and in their corresponding Notices. If you exclude yourself as to MLS PIN, you may sue, continue to sue, or be a part of a different lawsuit against MLS PIN.

## THE LAWYERS REPRESENTING YOU

## 14.     Do I have a lawyer in this Settlement?

The Court decided that the law firms Izard Kindall & Raabe LLP and Hausfeld LLP are qualified to represent you and all other Settlement Class Members. These lawyers are called "Class Counsel." You will not be charged for these lawyers. They are experienced in handling similar cases against other entities. More information about the law firms, their practices, and their lawyers' experience is available at: **www.ikrlaw.com** and **www.hausfeld.com**.

Class Counsel represent the interests of the Settlement Class. You may hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

*Questions? Call (833) 933-6273 or visit www.MLSPINSettlement.com to learn more.*

7

15.    **How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees, in an amount not to exceed one-third (33.3%) of the $3.95 million Settlement Fund, for their work in the litigation, as well as reimbursement in an amount not to exceed $200,000 for costs and expenses. The Court will decide the amount of fees to be awarded.

Class Counsel will also request that service payments be paid from the Settlement Fund to the Class Representatives for their service in prosecuting this litigation on behalf of the entire Class, in an amount not to exceed $5,000 each.

Class Counsel will make their request for attorneys' fees, costs, and Class Representatives' service awards on or before **[DATE]**, and that request will be available at **www.MLSPINSettlement.com**.

All fees and expenses awarded by the Court will be paid out of the Settlement Fund. You are not responsible for any fees, costs, or expenses that the Court awards.

## OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

16.    **How do I tell the Court that I don't like the Settlement?**

If you are a Class Member, you can object to this Settlement if you do not like any part of it, including the forthcoming motion for attorneys' fees, costs, expenses, and service awards. You can give reasons why you think the Court should not approve it. The Court will consider your view. To object, you must file or send a written objection to the Court, as instructed by the Court, by **[DATE]** or you will waive your right to object (whether in opposition to the motion for Preliminary Approval, motion for attorneys' fees, costs, expenses and service awards, motion for Final Approval, on appeal, or otherwise) to the Settlement. Be sure to include the case name and number (*Nosalek, et al. v. MLS Property Information Network, Inc., et al.,* Case No. 20-cv-12244-PBS), your name, address, telephone number, your signature, and the reasons you object to the Settlement.

**You must file any objection with the Clerk of the Court at the address below by [DATE]:**

United States District Court for the District of Massachusetts
1 Courthouse Way, Second Floor, Suite 2300, Boston, Massachusetts 02210
*Nosalek, et al. v. MLS Property Information Network, Inc., et al.*, Case No. 20-cv-12244-PBS

**You must also send your objection by first class mail, postmarked on or before [DATE],** to Class Counsel and MLS PIN's Counsel. These documents should be mailed to Class Counsel at:

Izard, Kindall & Raabe LLP
c/o Seth R. Klein
29 South Main Street, Suite 305
West Hartford, CT 06107

and to MLS PIN's Counsel at:

*Questions? Call (833) 933-6273 or visit www.MLSPINSettlement.com to learn more.*

Troutman Pepper Locke LLP
c/o J. Matthew Goodin
111 South Wacker Drive, Suite 4100
Chicago, IL 60606

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

**17.    What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object to a Settlement only if you stay in it. Excluding yourself is telling the Court that you do not want to be part of a Settlement. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

**18.    When and where will the Court decide whether to approve the Settlement?**

There will be a final Fairness Hearing to consider approval of the proposed Settlement, at [Time] on [Date] at the U.S. District Court for the District of Massachusetts, 1 Courthouse Way, Courtroom 19, 7th Floor, Boston, Massachusetts 02210. The hearing may be postponed to a later date without further notice. Any such postponements will be posted on the Court docket and/or settlement website at **www.MLSPINSettlement.com**. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of the Settlement, whether the Settlement Class is adequately represented by the Plaintiffs and Class Counsel, and whether an order and final judgment should be entered approving the proposed Settlement. The Court will also consider Class Counsel's application for an award of attorneys' fees, costs, expenses, and any class representative service awards.

You will be represented by Class Counsel at the Fairness Hearing unless you choose to enter an appearance in person or through your own counsel. The appearance of your own attorney is not necessary to participate in the Fairness Hearing.

**19.    Do I have to come to the hearing?**

No. Class Counsel will represent the Settlement Class at the Fairness Hearing, but you are welcome to come at your own expense. If you send any objection, you do not have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend if you wish.

**20.    May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Nosalek et al. v. MLS Property Information Network, Inc., et al.,* Case No. 20-cv-12244-PBS." Be sure to include your name, address, telephone number and your signature. Your Notice of Intention to Appear must be postmarked no later than **[DATE]**, and be sent to the Clerk of the Court, Class Counsel and

*Questions? Call (833) 933-6273 or visit www.MLSPINSettlement.com to learn more.*

Counsel for MLS PIN, at the addresses in paragraph 16 above. You cannot speak at the hearing if you excluded yourself.

### ARE THERE OTHER REAL ESTATE COMMISSION LAWSUITS OR OTHER DEFENDANTS

**21.    Are there other similar cases?**

In addition to *Nosalek*, there are numerous other actions involving similar claims, including: *Burnett et al. v. National Association of Realtors, et al.*, Case No. 19-CV-00332-SRB (W.D. Mo.); *Moehrl et al. v. Nat'l Ass'n of Realtors et al.,* Case No. 1:19-cv-01610 (N.D. Ill.); *Gibson et al. v. Nat'l Ass'n of Realtors et al.*, Case No. 23-CV-788-SRB (W.D. Mo.); *Batton v. NAR*, Case No. 1:21-cv-00430 (N.D. Ill.); *Batton v. Compass*, Case No. 1:23-cv-15618 (N.D. Ill.); *Burton v. Nat'l Ass'n Realtors*, Case No. 7:23-cv-05666-JD (D.S.C.); *QJ Team, LLC and Five Points Holdings, LLC v. Texas Ass'n of Realtors*, Case No. 4:23-cv-01013 (E.D. Tx.); *March v. REBNY*, Case No. 1:23-cv-09995 (S.D.N.Y.); *1925 Hooper LLC v. Nat'l Ass'n of Realtors*, Case No. 1:23-cv-05392-SEG (N.D. Ga.); *Moratis v. West Penn Multi-List, Inc.*, Case No. 2:23-cv-2061 (W.D. Pa.); *Parker Holding Group, LLC v. Fla. Ass'n of Realtors*, 23-TC-187328252 (Fla. Cir. Ct.); *Grace v. Nat'l Ass'n of Realtors*, Case No. 3:23-cv-06352 (N.D. Cal.); *Masiello v. Arizona Association of Realtors*, Case No. 2:24-cv-00045 (D. Ariz.); *Tuccori v. At World Properties, LLC*, Case No. 2:24-cv-00150 (N.D. Ill.); *Whaley v. Nat'l Ass'n of Realtors*, Case No. 2:24-cv-00105 (D. Nev.); *Fierro v. National Association of Realtors*, Case No. 2:24-cv-00449 (C.D. Cal.); *Friedman v. REBNY et al.*, Case No. 1:23-cv-00405 (S.D.N.Y.); *Willsim Latham v. MetroList*, Case No. 2:24-cv-00244 (E.D. Cal.); *Maslanka v. Baird & Warner Inc.*, 1:24-cv-02399 (N.D. Ill.); *Peiffer v. Latter & Blum Holding, LLC, et al.*, Case No. 2:24-cv-00557 (E.D. La.); *Wang v. Nat'l Ass'n of Realtors et al.*, Case No. 1:24-cv-02371 (S.D.N.Y.); *Jutla v. Redfin Corporation*, 2:24-cv-00464 (W.D. Wash.); *Hartz v. Real Estate One, Inc.*, 1:24-cv-03160 (N.D. Ill.); *Wutsch v. William Raveis Real Estate, Inc.*, FST-CV-24-6067981-S (Conn. Super. Ct.); *Burton v. Bluefield Realty*, Case No. 7:24-cv-01800-JDA (D.S.C.); *1925 Hooper LLC v. Watson Realty Corp*., Case No. 3:24-cv-00374 (M.D. Fla.); *1925 Hooper LLC v. Arc Realty*, 24-cv-00495 (N.D. Ala.); *Wallach v. Silvercreek Realty Group LLC*, Case No. 1:24-cv-3356 (N.D. Ill.); *Lutz v. Homeservices of America, Inc., et al.* 4:24-cv-10040-KMM (S.D. Fla.); *Davis v. Hanna Holdings, Inc.* 2:24-cv-02374 (E.D. Pa.); among others. MLS PIN is not a defendant in any of the above actions or any other action involving similar claims. If you are a member of a class in any other cases involving similar claims, you may have additional rights to participate in or exclude yourself from ongoing litigation or settlements in those cases.

### GETTING MORE INFORMATION

**22.    Are there more details available?**

This Notice is only a summary. For a more detailed statement of the matters involved in the lawsuits or the Settlement, you may refer to the papers filed in this case during regular business hours at the office of the Clerk of Court, U.S. District Court for the District of Massachusetts, 1 Courthouse Way, Second Floor, Suite 2300, Boston, Massachusetts 02210: *Nosalek, et al. v. MLS Property Information Network, Inc., et al.,* Case No. 20-cv-12244-PBS. The full Settlement Agreement and certain pleadings filed in the case are also available at

***Questions? Call (833) 933-6273 or visit www.MLSPINSettlement.com to learn more.***

**www.MLSPINSettlement.com**, or they can be requested from the Notice Administrator or the Class Counsel identified above at Question 16.

*Questions? Call (833) 933-6273 or visit www.MLSPINSettlement.com to learn more.*

11

Exhibit C

**NOSALEK V. MLS CREATIVE**

*BANNER ADS*





**NOSALEK V. MLS CREATIVE**

## *SOCIAL MEDIA ADS*

### NEWSFEED



### STORIES



Exhibit D

<u>Press Release</u>

# Consumers who listed Real Estate on MLS Property Information Network and Paid Commission to a Real Estate Agent may be affected by a Settlement.

Philadelphia, PA, <mark>Month 00</mark> /PRNewswire/ -- -- The following statement is being issued by Kroll Settlement Administration regarding the *Nosalek v. MLS Property Information Network* Settlement.

**<u>What is this lawsuit about?</u>**
The lawsuit alleges that MLS Property Information Network, Inc. ("MLS PIN"), a property listing service, and several other Defendant entities conspired to artificially inflate the commission paid by residential real estate sellers to buyer-brokers in violation of Section 1 of the Sherman Act, 15 U.S.C. Section 1, by implementing requirements in MLS PIN's listing rules that a seller of a home offer a commission to the broker for the buyer. MLS PIN disagrees with Plaintiffs' claims and denies any wrongdoing. This proposed Settlement resolves Plaintiffs' claims against MLS PIN only. The Settlement does not resolve Plaintiffs' claims against other Defendants; those claims may be resolved by separate settlements.

**<u>Who is a Settlement Class Member?</u>**
You are a Settlement Class Member if, from December 17, 2016 (but no later than the date of the Final Judgment and Order of Dismissal), you listed (or list) Residential Real Estate on MLS PIN's Pinergy service through a Seller Broker, and you or the Seller-Broker paid (or pay) a Buyer-Broker Commission in connection with the sale of that Real Estate. Capitalized terms are defined in the Settlement Agreement, available on the website at **www.MLSPINSETTLEMENT.com**.

**<u>What are the Settlement benefits?</u>**
The Settlement will provide $3.95 million to pay Settlement Class Members who submit valid and timely claim forms. The fund will be distributed to qualifying Settlement Class Members who submit an approved claim form on a *pro rata* basis based on the sale price of the Settlement Class Member's real estate as reflected in MLS PIN's records, after any awarded attorneys' fees, expenses, costs of settlement administration and notice, and service awards have been deducted.

In addition, MLS PIN agreed to make certain changes to its rules and practices that eliminate the anticompetitive restraints alleged in the complaint. Accordingly, if the Settlement is approved, Sellers of Real Estate in MLS PIN's service area will no longer be subject to the restrictions underlying Plaintiffs' claims.

**<u>What are your rights?</u>**
If the Settlement is approved, you are automatically included in the Settlement and bound by the Courts' decisions, but you need to submit a claim to receive benefits. The deadline to file a claim form is <mark>**Month 00, 2025**</mark>. If you want to object to the Settlement (tell the Court why you think the Settlement should not be approved) or to Plaintiffs' Counsel's Fee and Expense Application, or to lead plaintiff awards, you may do so by filing an objection by <mark>**Month 00, 2025**</mark>. Instructions on how to file a claim or objection are available at **www.MLSPINSETTLEMENT.com**.

The Court will hold a Final Approval Hearing on <mark>**Month 00, 2025**</mark>, at the U.S. District Court for the District of Massachusetts, 1 Courthouse Way, Courtroom 19, 7th Floor, Boston, Massachusetts 02210, to consider whether to approve the Settlement. The Court will hear any objections, determine if the Settlement is fair, and consider Plaintiffs' request for fees and expenses. Class Counsel will ask the Court for attorneys' fees, not to exceed one-third (33.3%) of the $3.95 million Settlement Fund, for their work, as well as reimbursement in an amount not

to exceed $200,000 for costs and expenses. The Court will decide the amount of fees to be awarded. Class Counsel will also request that service payments be paid to the Class Representatives in an amount not to exceed $5,000 each. Plaintiffs' motions for attorneys' fees and costs will be posted on the website once filed with the Court. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

This is only a summary. For detailed information, including the Settlement Agreement, Long Form Notice and other important documents, visit **www.MLSPINSETTLEMENT.com**, call **(833) 933-6273**, or write to ***Nosalek v. MLS PIN Settlement*, c/o Kroll Settlement Administration LLC, P.O. Box 5324, New York, NY 10150-5324.**

# # #

**Source:** Kroll Settlement Administration

**Media Contact(s):**
Kroll media contact TBD, (000) 000-0000

# Exhibit E


7 4 1 4 9 0 0 0 0 0 0 0 0

<table>
<tr><td>

**Your claim must
be submitted
online or
<ins>postmarked by</ins>:**
<mark>**<<DATE>>**</mark>

</td><td>

### CLAIM FORM FOR MLS PIN ACTION

*Nosalek, et al. v. MLS Property Information Network, Inc., et al.,*
Case No. 1:20-cv-12244-PBS
United States District Court for the District of Massachusetts

</td><td>

**MLS PIN-C**

</td></tr>
</table>

### GENERAL INSTRUCTIONS

You have been identified as a potential Settlement Class Member in connection with a class action settlement reached with Defendant MLS Property Information Network, Inc. (MLS PIN) in the above-referenced litigation. You may submit a claim for a Settlement benefit, as outlined below.

Please refer to the Class Notice posted on the Settlement website **www.MLSPINSettlement.com**, for more information on submitting a claim form and if you are part of the Settlement Class.

**To receive a Settlement benefit from this Settlement via an electronic payment, you must submit the claim form below electronically at www.MLSPINSettlement.com by <mark><<DATE>></mark>.**

This claim form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed claim form, including any supporting documentation, by U.S. mail to:

*Nosalek v MLS PIN Settlement*
c/o Kroll Settlement Administration LLC
P.O. Box 5324
New York, NY 10150-5324

If you are a Settlement Class Member, you are eligible to receive a benefit under the Settlement.

MLS PIN has agreed to pay $3,950,000 into a Settlement Fund. The fund will be distributed to qualifying Settlement Class Members who submit an approved claim form on a *pro rata* basis based on the sale price of the Settlement Class Member's real estate as reflected in MLS PIN's records, after any awarded attorneys' fees, expenses, Settlement administration costs, and service awards have been deducted.

**Questions? Go to www.MLSPINSettlement.com or call (833) 933-6273.**


74149


CF


Page 1 of 3

7 4 1 4 9 0 0 0 0 0 0 0 0

## I. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Notice Administrator if your contact information changes after you submit this claim form.

**First Name** _____     **Last Name** _____

**Mailing Address 1** _____

**Mailing Address 2** _____

**City** _____     **State** ____ ____     **Zip Code** ____ ____ ____ ____ ____

**Email Address:** _____

**Telephone Number (optional):** ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____

## II. PROOF OF SETTLEMENT CLASS MEMBERSHIP

☐ Check this box to certify that, on or after December 17, 2016 (but no later than the date of the Final Judgment and Order of Dismissal), you listed Real Estate (any real or personal property) on MLS PIN's Pinergy service through a Seller-Broker, and you or your Seller-Broker paid a commission to a Buyer-Broker in connection with the sale of that Real Estate.

Enter the Class Member ID Number provided on your Class Notice, if you received one:

**Class Member ID:** 7 4 1 4 9 ____ ____ ____ ____ ____ ____ ____ ____

## III. ADDRESS OF PROPERTY SOLD

All Settlement Class Members must confirm the address of the property you sold below. If you sold more than one qualifying property, please download additional claim forms from the Settlement Website or contact us.

**Property Address Line 1** _____

**Property Address Line 2** _____

**City** _____     **State** ____ ____     **Zip Code** ____ ____ ____ ____ ____

____ ____ / ____ ____ / ____ ____ ____ ____
**Approximate Date of Sale**

**Questions? Go to www.MLSPINSettlement.com or call (833) 933-6273.**





7 4 1 4 9 0 0 0 0 0 0 0 0

## IV. PAYMENT SELECTION

If you would like to elect to receive your benefit through electronic transfer, please visit the Settlement website and timely file your claim form. The Settlement website includes a step-by-step guide for you to complete the electronic payment option.

## V. ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this claim form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____    ____ ____ / ____ ____ / ____ ____ ____ ____
Signature                                                                                      Date

_____
Print Name

**Questions? Go to www.MLSPINSettlement.com or call (833) 933-6273.**




