UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER NOSALEK, RANDY HIRSCHORN and TRACEY HIRSCHORN, individually and on behalf of all others similarly situated,<br><br>        *Plaintiffs*,<br>        v.<br><br>MLS PROPERTY INFORMATION NETWORK, INC., *et al.*,<br><br>        *Defendants*. | No. 1:20-cv-12244-PBS<br><br>Judge Patti B. Saris |

**RESPONSE OF THE UNITED STATES TO
PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY APPROVAL**

In light of the additional injunctive relief proposed by Plaintiffs and MLS PIN in their Fourth Amended Settlement Agreement, ECF No. 381-2, the United States hereby withdraws its objections to the settlement for purposes of the Court's review under Federal Rule of Civil Procedure 23. In so doing, the government takes no position on whether this proposed settlement is "fair, reasonable, and adequate" such that the Court may approve it. *See* Fed. R. Civ. P. 23(e).

To be clear, the United States maintains that blanket, upfront offers of buyer broker compensation by sellers or their listing agents constitute an anticompetitive practice that inflates costs for home buyers and sellers. But the question whether a private settlement satisfies Rule 23(e) differs in kind from whether the relief afforded by such a settlement would suffice in a public enforcement action. *See, e.g.*, *F. Hoffmann-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 170 (2004) ("A Government plaintiff, unlike a private plaintiff, must seek to obtain the relief necessary to protect the public from further anticompetitive conduct and to redress anticompetitive harm. And a Government plaintiff has legal authority broad enough to allow it to

carry out this mission."). Because the proposed settlement was reached between private litigants in a private class action suit, such settlement does not preclude any future enforcement actions by the United States. Nor would compliance with the proposed settlement or new MLS PIN rules implementing that settlement afford a defense to any such enforcement actions.[1]

Dated: June 3, 2025               Respectfully submitted,

ABIGAIL A. SLATER
*Assistant Attorney General*

ROGER P. ALFORD
*Principal Deputy Assistant*
*Attorney General*

MARK H. HAMER
*Deputy Assistant Attorney General*

RYAN J. DANKS
*Director of Civil Enforcement*

DAVID G.B. LAWRENCE
*Policy Director*

GEORGE C. NIERLICH
*Deputy Director of Civil Enforcement*

JARED A. HUGHES
*Assistant Chief, Media, Entertainment, and Communications Section*

MARKUS BRAZILL
*Counsel to the Assistant Attorney General*

/s/ *Katherine E. Clemons*
KATHERINE E. CLEMONS (D.C. Bar #1014137)
*Trial Attorney*

U.S. Department of Justice
Antitrust Division
450 Fifth Street, N.W.
Washington, DC  20530
Telephone: (202) 598-2372
Email: Katherine.Clemons@usdoj.gov

*Counsel for the United States of America*

---

[1] *See* Statement of Interest of the United States at 3–4, *Burnett v. Nat'l Assoc. of Realtors*, No. 4:19-cv-00332-SRB, ECF No. 1603 (W.D. Mo. Nov. 24, 2024).

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants.

Dated: June 3, 2025                                /s/ *Katherine E. Clemons*
                                                                       KATHERINE E. CLEMONS