UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER NOSALEK, RANDY HIRSCHORN, and TRACEY HIRSCHORN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MLS PROPERTY INFORMATION NETWORK, INC., ANYWHERE REAL ESTATE INC. (F/K/A REALOGY HOLDINGS CORP.), CENTURY 21 REAL ESTATE LLC, COLDWELL BANKER REAL ESTATE LLC, SOTHEBY'S INTERNATIONAL REALTY AFFILIATES LLC, BETTER HOMES AND GARDENS REAL ESTATE LLC, ERA FRANCHISE SYSTEMS LLC, HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, POLZLER & SCHNEIDER HOLDINGS CORPORATION, INTEGRA ENTERPRISES CORPORATION, RE/MAX OF NEW ENGLAND, INC., RE/MAX INTEGRATED REGIONS, LLC, AND KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No. 1:20-cv-12244-PBS<br>Judge Patti B. Saris |

[~~PROPOSED~~] FINAL JUDGMENT AND ORDER GRANTING
FINAL APPROVAL OF SETTLEMENT BETWEEN PLAINTIFFS
AND MLS PROPERTY INFORMATION NETWORK, INC.

**WHEREAS**, an action is pending before this Court styled *Nosalek v. MLS Property Information Network, Inc., et al.*, No. 1:20-cv-12244-PBS (the "Action");

**WHEREAS**, Plaintiffs Jennifer Nosalek, the estate of Randy Hirschorn, and Tracey Hirschorn ("Plaintiffs") have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an

order (a) granting final approval to the Settlement Agreement[1] with MLS Property Information Network, Inc. ("MLS PIN"); (b) certifying the Settlement Class (defined in Section 3(a) of the Settlement Agreement and ¶ 5, *infra*); (c) seeking the appointment of the Plaintiffs as representatives of the Settlement Class under Federal Rule of Civil Procedure 23(g); (d) affirming the prior appointment of Plaintiffs' Counsel as counsel for the Settlement Class under Federal Rule of Civil Procedure 23(g); and (e) granting final approval to the Class Notice (defined in ¶ 10, *infra*);

**WHEREAS**, the Court conducted a duly noticed final approval hearing on September 29, 2025, at which the Parties appeared and arguments were presented;

**WHEREAS**, the Court has considered the Settlement Agreement and other documents submitted in connection with Plaintiffs' Motion for Final Approval of Settlement with MLS PIN, and good cause appearing therefor;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Court has subject matter jurisdiction over the Action and, solely for purposes of effectuating the settlement and subject to the express limitations contained in the Settlement Agreement, personal jurisdiction over Plaintiffs, MLS PIN, and all members of the Settlement Class.

2. All terms in initial capitalization used in this Final Judgment and Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

---

[1] The Fourth Amended Settlement Agreement memorializing the terms of the settlement with MLS PIN was entered into on May 27, 2025 and submitted to the Court as Exhibit A to Plaintiffs' Motion for and Incorporated Memorandum in Support of Preliminary Approval of the Fourth Amended Settlement Agreement [ECF No. 381].

## I. FINAL APPROVAL OF SETTLEMENT

3. Upon review of the record, including the order preliminarily approving the settlement and the submissions in support of Plaintiffs' Motion for Final Approval of Settlement with MLS PIN, the Court finds that the settlement resulted from arm's-length negotiations between highly experienced counsel.

4. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlement Agreement on the basis that it is fair, reasonable, and adequate as to, and in the best interest of, all members of the Settlement Class within the meaning of, and in compliance with all applicable requirements of, Federal Rule of Procedure 23; the Court directs the Settlement's consummation according to its terms. Moreover, the Court concludes as follows:

    a. The settlement was negotiated by counsel with significant experience litigating antitrust class actions and is the result of vigorous arm's-length negotiations undertaken in good faith;

    b. This Action is likely to involve contested and serious questions of law and fact, such that the value of the prospective relief set forth in the Settlement outweighs the uncertain possibility of future relief after protracted and expensive litigation; and

    c. Plaintiffs' Counsels' judgment that the Settlement is fair and reasonable, and the Settlement Class members' reaction to the Settlement, are entitled to great weight.

## II. CERTIFICATION OF THE SETTLEMENT CLASS

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the settlement set forth in the Settlement Agreement, the following Settlement Class:

Sellers who paid, and/or on whose behalf Seller-Brokers paid, Buyer-Broker Commissions during the Settlement Class Period in connection with the sale of Real Estate listed on Pinergy.[2]

6. In accordance with Section 2(jj) of the Settlement Agreement, the Settlement Class Period is December 17, 2016 through the date of this Order.

7. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of, any other defendant to contest certification of the proposed class in this Action. The Court's findings herein shall have no effect on the Court's ruling on any motion to certify any class in this Action, and no party may cite or refer to the Court's certification of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class. The findings that follow in ¶¶ 7-8 are limited to this particular Order and are made only in the context of this particular Settlement.

8. The Court appoints Plaintiffs as Class Representatives and finds that the requirements of Rule 23 are satisfied solely for the purpose of effectuating the Settlement as follows:

    a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Class are so numerous that their joinder before the Court would be impracticable;

    b. Pursuant to Rule 23(a)(2), the Court determines that Plaintiffs have alleged one or more questions of fact or law common to the Class;

---

[2] Pursuant to Section 3(b) of the Settlement Agreement: "Specifically excluded from the Settlement Class are Defendants; Released Parties; co-conspirators; the officers, directors, or employees of any Defendant, Released Party, or co-conspirator; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf. Also excluded from the Settlement Class are federal government entities or instrumentalities, any judicial officers presiding over this Action and the members of his/her immediate families and judicial staff, and any juror assigned to the Action."

  c. Pursuant to Rule 23(a)(3), the Court determines that Plaintiffs' claims are typical of the claims of the Class;

  d. Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Class;

and

  e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members, and that a class resolution is superior to other available methods for fairly and efficiently adjudicating the Action.

9. If the Effective Date[3] does not occur with respect to the settlement because of the failure of a condition that affects the Settlement, this certification of the Class shall be deemed null and void as to the parties subject to the Settlement without the need for any further action by the Court or MLS PIN. In such circumstances, MLS PIN shall retain its rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest

---

[3] Pursuant to Section 6(a) of the Settlement Agreement: "The Effective Date shall be the date when all of the following events shall have occurred and shall be contingent on the occurrence of all of the following events: (i) Entry by the Court of the Preliminary Approval Order; (ii) Final approval by the Court of the settlement set forth in this Agreement, following Class Notice and the Fairness Hearing; (iii) No Party having exercised his, her, or its rights to terminate this Agreement; and (iv) Entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becoming final, or, in the event that the Court enters an Alternative Judgment and neither Class Plaintiffs nor MLS PIN elects to terminate this Agreement, such Alternative Judgment becomes final. Neither the provisions of Federal Rule 60 nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times."

and appeal any grant or denial of certification in this litigation or in any other litigation on any grounds.

### III. SETTLEMENT CLASS COUNSEL

9. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the following firms are appointed as counsel for the Settlement Class: (1) Robert A. Izard and Seth R. Klein of Izard, Kindall & Raabe, LLP and (2) Christopher L. Lebsock and Jose Roman Lavergne of Hausfeld LLP.

### IV. FINAL APPROVAL OF NOTICE

10. Upon review of the record, the Court finds that the Class Notice[4] constituted due, adequate, and sufficient notice of the Settlement and was appropriate under the circumstances and satisfied the requirements of Federal Rules of Procedure 23(c)(3)(A) and 23(e)(1), due process, and any other applicable law. Therefore, the Class Notice is finally approved.

11. The Notice Administrator is authorized to supplement prior Class Notice by mailing a postcard notice to those Settlement Class Members who (i) joined the Settlement Class because of a home sale that closed on or after August 2, 2025 (and not based on any previous transaction(s) during the Settlement Class Period), and (ii) for whom seller name and mailing address information can be determined. Such supplemental mailing shall occur within thirty (30) days of this Order.

12. Pursuant to the Court's Order Preliminarily Approving Fourth Amended Settlement Between Plaintiffs and MLS Property Information Network, Inc. [ECF No. 386], the generally applicable deadline to submit a Request for Exclusion from the Settlement Class

---

[4] Class Notice is defined in Section 2(g) of the Settlement Agreement as: "The notice of proposed settlement to be provided to the Settlement Class as provided in this Agreement and the Preliminary Approval Order."

was September 2, 2025. However, any person who joined the Settlement Class because of a home sale that closed on or after August 2, 2025 (and not based on any previous transaction(s) during the Settlement Class Period) and who wishes to be excluded from the Settlement Class may submit a Request for Exclusion to the Notice Administrator within sixty (60) days of this Order and such Request for Exclusion shall be accepted if otherwise valid. Counsel for the Settlement Class shall file a list of such additional, valid Requests for Exclusion, if any, with the Court within ninety (90) days of this Order.

13. The Court also finds that the appropriate state and federal officials were timely notified of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and that at least ninety (90) days have passed without comment or objection from any governmental entity.

## V. OTHER PROVISIONS

11. The Court approves and directs the implementation of all the terms of the Settlement Agreement.

12. If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and if it is not fully reinstated on further appeal, this Final Judgment and Order certifying the Class shall be vacated *nunc pro tunc*.

13. All Released Parties[5] and Releasing Parties[6] are bound by this Final Judgment and Order and by the Settlement Agreement.

14. The Court dismisses with prejudice the Action as against MLS PIN, as well as all of the Released Claims[7], against any of the Released Parties by the Releasing Parties. The parties are to bear their own costs, except as otherwise provided in the Settlement Agreement, provided that such dismissal shall not affect, in any way, the right of the Releasing Parties to pursue claims, if any, outside the scope of the Released Claims.

---

[5] Released Party or Released Parties is defined in Section 2(bb) of the Settlement Agreement as: "MLS PIN and each of its past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, shareholders (except those who are Defendants in the Action), participants, and subscribers, and each of their respective officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns. Released Parties do not include (i) the other Defendants in the Action; or (ii) defendants named as of the Execution Date in the action *Gibson et al. v. National Association of Realtors et al.*, Case Number 4:23-cv-00788, in the U.S. District Court for the Western District of Missouri."

[6] Releasing Party or Releasing Parties is defined in Section 2(cc) of the Settlement Agreement as: "Individually and collectively, Plaintiffs and each Settlement Class Member, on behalf of themselves and, to the extent permitted by law, any of their respective past or present officers, directors, shareholders, agents, employees, legal representatives, partners, associates, trustees, beneficiaries, beneficial owners, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they object to the settlement set forth in this Agreement."

[7] Released Claims is defined in Section 2(aa) of the Settlement Agreement as: "Any and all manner of claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, damages, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, arising from or relating in any way to any conduct alleged or that could have been alleged in and that arise from the factual predicate of the Action, including but not limited to commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any Real Estate."

15. Upon the Effective Date, and except as otherwise authorized under Section 8(b) of the Settlement Agreement, the Releasing Parties: (a) shall be deemed to have hereby fully and irrevocably waived, released, relinquished, and discharged all Released Claims against the Released Parties; (b) shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and (c) agree and covenant not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

16. The Settlement Agreement, acts performed in furtherance of the Settlement Agreement and/or documents executed in furtherance of the Settlement Agreement may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by Plaintiffs, Settlement Class, or Class Counsel (including without limitation the appropriateness of class certification); (b) any wrongdoing or liability of the Released Parties; or (c) any fault or omission of the Released Parties in any court, administrative agency, or other proceeding.

17. The Settlement Agreement shall not be offered or be admissible in evidence against Released Parties in any action or proceeding, except in an action or proceeding that is in furtherance of the respective Settlement's terms or brought to enforce its terms. Notwithstanding the foregoing, the Settlement Agreement may be filed in an action to enforce or interpret the terms of the respective Settlement Agreement and any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Settlement Agreement and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral

estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.    Any order entered regarding the motion for attorneys' fees and expenses in this Action shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

19.    If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order shall be deemed vacated and shall have no force or effect whatsoever. In the event the Settlement Agreement is terminated in accordance with its terms, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have been restored to their respective status in the Action as of the Execution Date without prejudice and shall comply with all applicable provisions of the Settlement Agreement including, without limitation, the provisions of its Section 12(c).

20.    Without affecting the finality of this Final Judgment and Order in any way, the Court expressly retains continuing and exclusive jurisdiction over all matters relating to the administration and consummation of the settlement and to interpret, implement, administer and enforce the settlement (including with respect to the scope of the Settlement Class, Released Claims, and Released Parties), in accordance with its terms, and to implement and complete the claims administration process, in accordance with the settlement, for the benefit of the Settlement Class. The Court does this for the purpose of satisfying the requirements of *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), concerning the obligation of a Court approving a Settlement Agreement to speak clearly when it wishes to retain jurisdiction.

21. To the extent permitted by law, the Court bars claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of any settlement, judgment or otherwise by any of the following:

    a. Any of the other Defendants currently named in the Action;

    b. Any other Person[8] formerly named as a party in the Action; or

    c. Any other Person subsequently added or joined as a party in this Action.

22. There is no just reason for delay in the entry of this Final Judgment and Order, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED** on this 29 day of September, 2025.

_____
Hon. Patti B. Saris
**UNITED STATES DISTRICT JUDGE**

---

[8] Person(s) is defined in Section 2(u) of the Settlement Agreement as: "An individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, municipality, state, state agency, any entity that is a creature of any state, any government or any political subdivision, authority, office, bureau or agency of any government, and any business or legal entity, and any spouses, heirs, predecessors, successors, representatives, agents, or assignees of any of the foregoing."